SAM TAYLOR, Judge.
Appellant Michael Stephen Neely was sentenced to fifteen years’ imprisonment as a habitual offender for the offense of arson in the first degree. The state’s testimony tended to show that the owner of the burned property, Louis Swann, operated a package liquor store. On the evening of June 10, Neely, the appellant, came into the store about 8 p.m. and attempted to borrow $2 from Swann. Swann finally told the appellant that he would give him $2 for the mixed drink the appellant had in his hand, whereupon they exchanged and parted. Three or four minutes after Neely entered Swann’s store, O’Neal “Cookie” Brasher came into the package store. Brasher wanted Swann to give him something to drink. Swann would not. Eventually there was an altercation, during which Swann struck Brasher. On the way out of the store, Brasher told Swann that he was going to get him. Swann then called the Graysville Police Department, and Brasher and the appellant left in Brasher’s car. About 11 p.m. that night, Swann left his residence, which was located about 120 feet from the package store and some apartments. He testified that he thought that appellant and Brasher might come back. A short time thereafter, he saw the appellant running toward Brasher’s car. Then he saw Brasher backing up and lighting something. Brasher threw a lighted paper at the building, and the building burst into flames. Some other witnesses also observed Brasher starting a fire at the door to the package store. According to the testimony, the area outside the building was very well lighted.
Marie Collier, another state’s witness, knew that Neely and Brasher were together in Brasher’s automobile that evening. They came back to Brasher’s house about' 9:45 p.m. where the witness and her husband were visiting. Brasher said that Mr. Swann had hit him. Brasher also said in *480 appellant’s presence that they were going to get back at Mr. Swann. Neely stated that they should get some dynamite and blow up Swann’s building. Mrs. Collier told them that they had better not blow up the building because she lived there. After Mrs. Collier went home and retired, she heard something on the roof. She later smelled smoke and was then told that the building was on fire. Both the apartment building in which the package store was located and the adjacent building, also belonging to Swann, were completely burned, although no one was killed in the fire. About 1 a.m., appellant Neely and Brasher were observed driving by the scene of the fire in their car. Police officers had been looking out for that car and Officer Knight pulled the car over. He arrested the appellant for driving a car with an improper tag, and he noticed the strong smell of alcohol on his breath. While driving away from the scene, Brasher ran a stop sign and Officer Knight arrested him for that offense. Both appellant and Brasher were taken to the Graysville City Jail and were later charged with the arson.
The theory of the defense was that Swann had burned his own building. Out of the presence of the jury, Swann testified that he had collected $30,000 in insurance on the building, but that all the money had gone to the mortgage holder. The insurance covered less than half of the mortgage amount. Swann also testified that he had suffered a fire loss in a building he owned in Thomas, Alabama, but made no insurance claim as to that fire. He also testified to another fire loss in north Birmingham, where he had just bought a store. The last fire loss occurred after the fire which is the subject matter of this prosecution. Swann said that while he was in the hospital recuperating from injuries sustained at the time of this fire, he received a telephone call from someone who threatened to burn the North Birmingham store building if Swann followed through with the prosecution of the instant crime. The burning of the North Birmingham store building was determined by the authorities to be the result of arson. The witness testified that at the time of that fire, there was a $12,000 mortgage on the store. The loss suffered in the fire came to $12,900. Swann was considerably worse off after each fire than he was before. After considering Swann’s testimony, the court made a finding that there was not sufficient evidence of bias or prejudice stemming from the other fire losses to permit testimony regarding the other fires to be submitted to the jury.
I
Appellant contends that he was denied due process when he was not permitted to cross-examine Swann in the presence of the jury concerning his bias or prejudice against the appellant. The court’s specific holding was that it did not find “evidence of any acts or conduct or relationship or statements that this man has made that would suggest to me that he had an inherent bias or motive to prompt him to lie in court.” The court concluded that the matters of the previous fire and the subsequent fire were not relevant to a material issue before the court in the instant case. The question is whether the court was guilty of a clear abuse of discretion. We hold that the court did not abuse its discretion in this respect. See Bell v. State, 385 So.2d 78 (Ala.Cr.App.1980); Renfroe v. State, 382 So.2d 627 (Ala.Cr.App.), cert. denied, Ex Parte Renfroe, 382 So.2d 632 (Ala.1980); Daniels v. State, 375 So.2d 523 (Ala.Cr.App.1979).
II
Appellant next contends that the court erred in not permitting him to present witnesses whose evidence would tend to show bias or motive to lie in his testimony. In fact, these witnesses, as it appears from the record, would have testified that Swann had been an arson victim before and after this fire, and had collected some insurance money on the property. This testimony the court disallowed upon the same grounds as stated in I above. Since the evidence showed that the value of the property in the instant case was over *481 $150,000, the existence of a $30,000 insurance policy is hardly indicative of arson. One of the fires for which the insurance was paid occurred after the fire in this case. The other fire was never the subject of an insurance claim. The trial court was correct in its determination not to allow this case to be cluttered with irrelevant and immaterial matters; they were nothing more than red herrings sought to be dragged across the trail.
Ill
Appellant also contends that the trial court erred in denying his motion to strike the testimony of one of his own witnesses, David Johnston, whose testimony was apparently not to his liking. After Johnston testified, the appellant moved to strike the identification testimony of the witness. This is not within the rules of the game and the court did not err in denying this motion.
In light of the foregoing, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.