UNITED STATES, Appellee

v

RALPH F. MEANS, Airman Third Class,
U. S. Air Force, Appellant

12 USCMA 290, 30 CMR 290

No. 14,640

Decided April 21, 1961

*Colonel James L. Kilgore* and *Major Charles K. Rush* were on the brief for Appellant, Accused.

*Colonel Merlin W. Baker* and *Major John C. Wiley* were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This is an appeal from a conviction by general court-martial on two specifications alleging, respectively, the use and possession of marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The accused contends the law officer erred to his prejudice in denying a motion for appropriate relief in regard to the use specification.

The specification alleges that the accused did "at Austin, Texas, and Bergstrom Air Force Base, Texas, from on or about 1 April 1959 to on or about 30 September 1959, wrongfully use marijuana." In the motion for appropriate relief, defense counsel argued that the allegations were materially deficient in two respects; first, the place of the commission of the offense was not stated "with sufficient clarity and exactness"; and, second, the specification was duplicitous because use of marijuana is "not a continuing type of offense" but a "one-time type of offense." He further contended that the "shotgun nature" of the specification made it "just impossible to present any defense," and he questioned whether it "fully protected" the accused against another prosecution for the same offense. Counsel did not spell out the exact nature of relief sought; however, the argument indicates he was not asking merely for further particulars, but wanted the specification dismissed because of the uncertainty of the allegations and their duplicitous character. See Manual for Courts-Martial, United States, 1951, paragraphs 28*b* and 69*b*. The indication of the

**291**

tenor of the argument is strengthened by the fact that normally the accused is provided with substantial particulars about the offense by the copy he receives of the substance of the evidence considered in the Article 32 investigation. See Article 32(b), Uniform Code of Military Justice, 10 USC § 832. For present purposes, we may pass over the failure to specify the nature of relief requested, and consider the merits of the ruling denying the motion. Manual for Courts-Martial, supra, paragraph 67c; United States v Gravitt, 5 USCMA 249, 256, 17 CMR 249.

Although at trial defense counsel alleged indefiniteness of place as one of the grounds of his motion, ▮▮▮▮▮▮ ▮ that contention is not pressed on this appeal. Whether the omission is an abandonment of the ground need not detain us. Suffice it to note that an allegation that an act was committed in a specified city is a sufficient allegation of the place of occurrence. It is unnecessary to set out such details as the name of the street or the number of the building, if any, in which the offense takes place.

In Myers v United States, 15 F2d 977 (CA 8th Cir) (1926), an information was filed against the accused alleging wrongful sale of intoxicating liquor. The information charged that the sale of liquor took place in the city of Omaha, Nebraska. The defendant demurred to the information. One of the grounds of the demurrer was that the information did not set out with sufficient particularity the place of the sale. The demurrer was overruled, and the Court of Appeals sustained the trial judge's action. It said: "It is as much a crime to sell liquor on one street of a city as it is on another street." The comment is equally applicable to the offense of wrongful use of marijuana, the offense charged here. Miller v United States, 53 F2d 316 (CA 7th Cir) (1931); Fiddelke v United States, 47 F2d 751 (CA 9th Cir) (1931); see also Beard v United States, 82 F2d 837 (CA DC Cir) (1936); Parmagini v United States, 42 F2d 721 (CA 9th Cir) (1930). Similarly, a general allegation that the offense was committed at a military installation is sufficient, without further particularization. See Manual for Courts-Martial, supra, Appendix 6b, page 471; England v United States, 174 F2d 466 (CA 5th Cir) (1949). There is, therefore, no merit to this part of the motion.[1]

Turning to the challenge to the specification on the ground of duplicity, the Government contends the issue is settled by our decision in United States v Schumacher, 2 USCMA 134, 7 CMR 10. There, the accused was charged in one specification with indecent exposure during the period from about June 15, 1950, to August 1, 1950, and in another specification with indecent liberties with a young girl during the same period. The pleading was predicated upon a provision in Naval Courts and Boards, 1937, that when "the act or acts specified extend over a considerable period of time it is proper to allege them as having occurred . . . 'during the period from . . . . . . to . . . . . . .' " Naval Courts and Boards, 1937, section 35; see Manual for Courts-Martial, supra, Appendix 6a, paragraph 7. The accused attacked the legal sufficiency of the specification on the ground that it failed to allege "with particularity, the time of commission of the offenses." We sustained the form of the pleading. While we did not consider the precise question of duplicity presented here, we referred to Eisenberg v United States, 261 Fed 598 (CA 5th Cir) (1919), which dealt with that point. In that case the accused was charged with wrongfully purchasing from military personnel property of the United States during April and May 1918. The defendant contended that since every purchase was a separate offense, the failure to specify the date of each deprived him of proper notice of what he had to defend against, and denied him the basis

---

[1] We are concerned here only with the legal sufficiency of the specification. See United States v Autrey, 12 USCMA 252, 30 CMR 252. It is, of course, open to an accused to demand further particulars if he believes that he has insufficient information about the details of the offense charged.

for a defense of former jeopardy in a possible future prosecution. The Court of Appeals rejected those contentions.

Recently we had a case before us in which the accused was charged in a single specification with committing adultery on "several occasions" during the period from September 1957 to November 1958. As in the *Schumacher* case, we did not consider specifically the question of duplicity, but we did not express any doubt as to the validity of the specification. United States v Frayer, 11 USCMA 600, 29 CMR 416. A more specific indication of our approval of the practice of pleading a series of acts of the same kind which can be considered part of a course of action appears in United States v Autrey, 12 USCMA 252, 30 CMR 252. The accused in that case was charged with wrongful appropriation of "money and/or property" from about "1 January 1960 to about 31 March 1960." We held the specification void for uncertainty regarding the kind of property appropriated, but we impliedly approved the sufficiency of the other parts of the specification. We said: "Here, the specifications followed the commonly accepted form for alleging either larceny or wrongful appropriation, and the uncertainty of its averments lies solely in the description of the *res* allegedly taken by the accused." Service boards of review have expressly sustained joinder of separate acts as part of a single course of conduct against a defense claim of duplicity. United States v Jones, 15 CMR 664; United States v Francis, 12 CMR 695.

Several Federal courts have considered the problem. In one circuit there appears to be a conflict of decision. Cf. Eisenberg v United States, supra; Bailey v United States, 53 F2d 982 (CA 5th Cir) (1931). Other circuits, however, have directly sustained charges alleged in the same general form. In Korholz v United States, 269 F2d 897 (CA 10th Cir) (1959), the defendants were indicted for violations of the Taft-Hartley Act. One count alleged that from about June 15, 1954, to about April 17, 1956, one of the defendants unlawfully paid another "a *total* of $2,305.00." The defendants contended the count was "duplicitous." Rejecting the contention, the Court of Appeals said:

"Appellants' complaint as to the indictment lies in the use of the words of aggregation describing payment made by Rock Wool and accepted by Bierig, 'a *total* of $2,305.00.' The fact that the words were used to signify numerous transactions of delivery and receipt, they urge, is borne out by evidence that the company made thirteen separate payments on eight different notes. Since proof of any one of these transactions would be sufficient to show a violation of that section of Taft-Hartley Act cited above, they contend the indictment is duplicitous and permits the jury to arrive at a verdict of conviction even though the jurors cannot agree as to the fact of any particular transaction. Inductive reasoning leads appellants to assert that Rule 8, Federal Rules of Criminal Procedure, 18 U.S.C.A., and the cases of Ebeling v Morgan, 237 U.S. 625, 35 S. Ct. 710, 59 L. Ed. 1151, and Blockburger v United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306, require the prosecution to set forth each act in a separate count and prosecute it as a separate offense although concededly such could be done by one indictment and one trial. The Ebeling case permitted the prosecution and imposition of sentence on each of seven counts which separately alleged the cutting of a different mail bag, although all the destruction was a part of the same transaction. The Blockburger case was a narcotics case which approved of the prosecution as separate offenses of two sales of narcotics to the same buyer within a short period of time. But compare these cases with the recent case of Bell v United States, 349 U.S. 81, 75 S. Ct. 620, 99 L. Ed. 905, where it was held that the transportation of two women for immoral purposes constituted but one punishable offense.

"Whether or not appellants could be charged, convicted and sentenced for thirteen violations of 29 U.S.C.A. § 186 is of little consequence in the

present case for the question is not raised by the posture of the case. The charge here was single, a violation of the Taft-Hartley Act, although the indictment undoubtedly proposed proof of guilt by a series of acts. . . .

". . . The cases reveal that a complaint of duplicity is rarely made where but a single statutory prohibition is involved since the effect of joining several violations as one redounds to the benefit of defendant."

A similar position was taken by the Court of Appeals for the Eighth Circuit in Hanf v United States, 235 F2d 710 (1956). The defendant was indicted for a violation of the Internal Revenue Act. In one count he was charged with wrongfully failing to make entries in and properly keeping the required monthly report "between October 16, 1953, and July 1, 1954." He moved to dismiss the count for duplicity. The motion was denied by the trial judge. Sustaining the ruling, the Court of Appeals said:

". . . This, in effect, was charging a course of conduct engaged in by the appellant between October 16, 1953, and July 1, 1954. Granting that the government might technically have broken this down into many separate, individual offenses, we do not see the necessity for doing so. The rule against duplicitous pleading is not offended by a count charging more than one act if the acts were part of a transaction constituting a single offense. Certainly, any similar prosecution by the government against this appellant for a violation committed at any time between the dates indicated in Count 1 of the indictment would be a prosecution for the same offense, and would be promptly dismissed."

The *Korholz* and *Hanf* opinions express our views in the matter. The specification is clearly sufficient to inform the accused of the particular act which he committed; namely, continued wrongful use of marijuana. The allegations of place and time are general, but they can be considered with

the evidence in the record of trial; together they would be entirely sufficient to protect the accused against another prosecution for the same acts. United States v Marker, 1 USCMA 393, 3 CMR 127; see also United States v Sell, 3 USCMA 202, 11 CMR 202.

We now reach the question of considering the defense motion as a motion for relief in the nature of a bill of particulars. The purpose of such a motion is to secure information to aid in preparation of the defense. Kempe v United States, 151 F2d 680 (CA 8th Cir) (1945). Manifestly, if the information is already possessed by the defense, there is little need for the motion. We have already noted that Article 32 requires that the accused be given a copy of the substance of the evidence considered by the investigating officer in the pretrial investigation. No claim was made that the defense was not provided with a copy. The record of the Article 32 investigation shows the circumstances of the charge, including the dates and places of the separate acts by the accused. It is apparent, therefore, that denial of the motion did not deprive the accused of any information required to assist him in preparation of his defense. From this standpoint, too, the motion lacked merit.

The decision of the board of review is affirmed.

LATIMER, Judge (concurring):

I concur with the Chief Judge, but I prefer to elaborate more fully on the issue of duplicity. The specification with which we are here concerned was laid under Article 134, Uniform Code of Military Justice, 10 USC § 934, and particularly the two subdivisions which proscribe conduct to the prejudice of good order and discipline in the armed forces or which brings them into disrepute. The theory of the prosecution was that, at Austin, Texas, and Bergstrom Air Force Base, adjacent to that city, accused, by repeatedly indulging in the use of habit-forming drugs over a six months' period, had offended against either or both of those prohibitions. When con-

294

sideration is given to that hypothesis, it becomes readily ascertainable that the Court of Appeals cases mentioned by the Chief Judge, which hold that several similar but separate offenses may be alleged in one count of an indictment if they set out a course of conduct, are persuasive. We followed that line of reasoning in United States v Schumacher, 2 USCMA 134, 7 CMR 10, but appellate defense counsel seek to escape the binding effect of that holding by contending that that prosecution was initiated under the Articles for the Government of the Navy and not under Article 134 of the Uniform Code, supra. The contention, however, lacks validity, for in that case we said:

"Section 35 of the Naval Courts and Boards, 1937, states that 'where the act or acts specified extend over a considerable period of time it is proper to allege them as having occurred, for example, during the period from ........ to .........' To the same effect is paragraph 7 of Appendix 6a, page 470, of the Manual for Courts-Martial, United States, 1951."

The precise wording of paragraph 7, Appendix 6a, page 470 of the Manual for Courts-Martial, United States, 1951, is as follows:

". . . When the act (or acts) specified extends over a considerable period of time it is proper to allege it (or them) as having occurred, for example, 'from about 15 June 1951 to about 4 November 1951.'"

It would thus appear that *Schumacher* is dispositive of the present issue. But there is yet another string to the bow. We have in previous holdings declared it is necessary to a valid finding of guilty under the two aforementioned subdivisions of Article 134 for the court-martial to find that the alleged misconduct was to the prejudice of good order and discipline of the services or that it brought them into disrepute. In United States v Williams, 8 USCMA 325, 24 CMR 135, the Court reversed a conviction for wrongful use of habit-forming drugs because the law officer had failed to instruct the court-martial that it must make such a find-

ing. A simple deduction from that holding is that a single use of marihuana may or may not be discrediting or detrimental to good order. Necessarily, then, one act might not in and of itself be an offense, and proper procedure may indicate the desirability that repeated violations be shown to establish a course of conduct which would remove all doubt about the nature of accused's misbehavior. That being so, there is good reason in military law to allege and prove repeated violations of the same norm of the military community if the acts are part of a transaction which may add up logically to a single crime.

In their arguments, defense counsel concede that the Government could have stated each such wrongful use as a single offense under a separate specification. Had it chosen to take that course, the accused would have been the loser, as each individual crime would have increased the maximum period of confinement by five years and by his own confession he offended on twelve separate occasions. Accordingly, it ill behooves him to complain about the gratuity. Rather than multiplying charges, the Government in this case elected to merge all acts into a single crime. It is indeed rare to have an accused complain of that strategy, for it would be just as easy for him to defend against one charge based on twelve different acts as it would to defend against the same twelve acts alleged separately. And as for the possibility of again being tried for the same offense, little need be said. Simply stated, the accused could plead former jeopardy for any use of marihuana in that area during the period alleged.

FERGUSON, Judge (dissenting):

I dissent.

In this case, the accused was convicted of using marihuana "at Austin, Texas, and Bergstrom Air Force Base, Texas, from on or about 1 April 1959 to on or about 30 September 1959," in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. One can hardly conceive of a more generalized charge, for it covers a period of six months and embraces acts at two

entirely different locations, the latter a point to which the principal opinion gives scant attention. At the appropriate moment in the trial, the defense moved either to have the specification made more definite and certain or to have it dismissed as duplicitous. Thus, the error was clearly and timely called to the attention of the law officer and, in my opinion, he abused his discretion when he denied the accused the relief which he sought.

Military practice permits the allegation of only one offense within the terms of a single specification—just as in civilian practice an indictment is allowed normally to allege no more than one offense within the confines of a single count. United States v Parker, 3 USCMA 541, 13 CMR 97; Manual for Courts-Martial, United States, 1951, paragraph 28 b.; Rule 8(a), Federal Rules of Criminal Procedure. Transgression of this rule results in duplicitous charges and, upon the making of a proper objection, the accused is entitled to have the allegation against him reduced to a single offense in order that he may know upon which act the Government relies for conviction and prepare his defense accordingly. See, generally, Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, pages 139, 140, 143. Moreover, he is entitled to correction of the duplicity in order to avoid the contingency that some of the court members may base their vote of guilty upon one act of misconduct while others, unconvinced of that occurrence, predicate their vote upon the other, duplicitous act. Wiborg v United States, 163 US 632, 41 L ed 289, 16 S Ct 1127 (1896); Rolando v United States, 1 F2d 110 (CA 8th Cir) (1924).

Turning to the record before us, there can be no doubt that the specification here involved is duplicitous. Not only does it allege use of marihuana over a period of six months, but it also states that the acts occurred at two different places. Thus, it permitted the court members to base their ultimate vote upon different uses of the forbidden drug and completely failed to inform the accused of the act against which he was expected to defend.

The rationale of the principal opinion pays little attention either to the allegations here involved or to the consequences which flow from the use of generalized, duplicitous pleadings. Thus, it initially relies upon the holding in Myers v United States, 15 F2d 977 (CA 8th Cir) (1926), and points out that it is sufficient to allege that the offense occurred at a military installation. England v United States, 174 F2d 466 (CA 5th Cir) (1949). The argument made in the *Myers* case was to the effect that an information was insufficient in that it failed to allege the place of an illegal liquor sale beyond stating the name of the city in which the offense occurred. The Court of Appeals correctly pointed out that a count need not set forth the precise street address at which a crime is committed. That, however, is not the situation before us. Here, the specification alleges use at Austin, Texas, *and* Bergstrom Air Force Base, Texas, two entirely separate political entities. As such uses were necessarily separate, the accused sought to find which was to be the basis of the prosecution, and it is difficult to support the denial of his motion with a precedent that deals with no more than the failure to allege a street address. The distinction between the two situations is clear. In one case, one offense is alleged with certainty. In the other, two or more are generally recounted.

In like manner, Miller v United States, 53 F2d 316 (CA 7th Cir) (1931), dealt with an allegation of facilitating the purchase and concealment of opium "at Chicago, Illinois." Fiddelke v United States, 47 F2d 751 (CA 9th Cir) (1931), involved an indictment for selling morphine "on or about June 25, 1930, at the city and county of San Francisco, state of California," and Beard v United States, 82 F2d 837 (CA DC Cir) (1936), while involving a charge of keeping a gaming table in the District of Columbia, also noted that the Government filed a bill of particulars in the case which designated the place of the offense as "508 Mather building in Washington, District of Columbia." And in Parmagini v United States, 42 F2d 721 (CA 9th

Cir) (1930), the indictment also set forth the time and place of the offense with specificity. In short, none of these cases supports the proposition that a specification, attacked by proper motion, may be held sufficient when it generally avers misconduct occurring over a period of six months at two separate places.

The second basis for sustaining the validity of the specification is said to be found in United States v Schumacher, 2 USCMA 134, 7 CMR 10; United States v Frayer, 11 USCMA 600, 29 CMR 416; and United States v Autrey, 12 USCMA 252, 30 CMR 252. It is implied that in each of these cases, we approved the practice of alleging misconduct over a period of time.

United States v Schumacher, supra, involved a charge of "scandalous conduct tending to the .destruction of good morals" during the period from June 15, 1950, to August 1, 1950. It was alleged, tried, and reviewed under the provisions of the Articles for the Government of the Navy and Naval Courts and Boards, 1937, both then in effect. We did not consider the issue of duplicity, and it is apparent the offense involved an immoral course of conduct toward young girls over a period of time. The same is not true here, for the accused is charged with the use of marihuana, and each such use constituted a separate offense without regard to a "course of conduct." Moreover, different places as well as different times are alleged. It is clear, therefore, that the *Schumacher* case, supra, involved entirely different considerations and in nowise supports the affirmance which my brothers order.

United States v Frayer, supra, likewise can afford little comfort to the author of the principal opinion. Frayer was charged with a number of offenses, including adultery on several occasions from September 1957 to November 1958. The question before us dealt solely with whether jurisdiction over the accused was ended by an honorable discharge and re-enlistment intervening between the commission of the offenses and the date of the charges. At no time was the sufficiency of the specification's allegation of time before this Court, and we affirmed the findings of guilty of adultery only because it alleged that some of the acts charged had occurred after accused's re-enlistment. Indeed, we expressly noted that the trial defense counsel had moved the court to amend the specification in order that it set forth various acts of adultery from July 1958, the month of Frayer's re-entry into the service, to November 1958, thereby acquiescing in the allegation of time. United States v Frayer, supra, at page 603. Thus, it is difficult to perceive how this case can be held to bestow the blessings of this Court upon such generalized averments.

United States v Autrey, supra, similarly does not support the conclusion that we have heretofore approved of specifications such as that now before us. In the first place, that case alleged that the accused's misconduct occurred at only one place, *i.e.*, aboard the U.S.S. ORISKANY. Secondly, the question whether the allegation of time was sufficient was neither argued nor briefed. Rather, the single issue, as set out in our opinion, was whether "a charge that accused wrongfully appropriated 'money and/or property' is sufficient." Nor is Korholz v United States, 269 F2d 897 (CA 10th Cir) (1959), from which the Chief Judge quotes extensively, in point here. Once again, it dealt with an entirely different situation than that depicted in the record before us. Korholz was charged with paying a total of $2,305.00 to a representative of a labor union. It appeared that the sum represented a total of installments paid to the representative involved by means of guarantees executed in connection with eight promissory notes and payments thereon. The Circuit Court of Appeals, however, made it quite clear that it considered the matter to involve a unitary transaction, comparable to a single use of the narcotic weed in this case. Thus, it was stated, at page 901:

". . . As was said in Mellor v United States, 8 Cir., 160 F 2d 757, 762:

'We know of no rule that ren-

**297**

ders an indictment duplicitous because it charges as one joint offense *a single completed transaction* instead of charging in separate counts as many offenses as the evidence at the trial might conceivably sustain.' " [Emphasis supplied.]

The same consideration is, of course, involved in Hanf v United States, 235 F 2d 710 (CA 8th Cir) (1956), upon which the author of the principal opinion also relies.

Finally, treating the accused's motion as in the nature of a request for a bill of particulars, it is asserted that such was not necessary in view of the fact that he was undoubtedly furnished with a copy of the statements taken at the pretrial investigation. See Code, supra, Article 32, 10 USC § 832. This totally misapprehends the nature of the remedy under discussion. A bill of particulars is designed, not to furnish the accused with a statement of the evidence against him, but with the details of the accusation contained in the charges, as, for example, the acts upon which the Government intends to rely for conviction. Bartell v United States, 227 US 427, 57 L ed 583, 33 S Ct 383 (1913); 27 Am Jur, Indictments and Informations, § 112. Merely furnishing the accused with the evidence does not justify a refusal to particularize the charge against him. Commonwealth v Sinclair, 195 Mass 100, 80 NE 799 (1907); Annotation, 5 ALR2d 447. It would seem that this is necessarily true in the instant case, for the information contained in the pretrial statements could not help the accused one whit in learning which use of marihuana formed the basis of the charge against him or whether he was expected to defend against an offense committed in Austin, Texas, in May 1960, or at Bergstrom Air Force Base in September 1960. In short, he was left to face the shotgun approach of the Government as best he could with no particularization of the acts upon which the prosecution intended to rely.

In sum, I am of the opinion that the specification before us is duplicitous and so generalized in nature that the accused was entitled to the relief which he sought from the law officer. If rules of pleading are to mean anything in military law, his motion should have been granted and the charge against him either amended or dismissed. My brothers' contrary holding means that the modern short forms of pleading are so further modified that almost any allegation of misconduct over any period of time will suffice to notify the accused of the accusation against which he must defend. To the contrary, I believe he is entitled to be tried upon a definite and certain charge, pleading but a single offense, and to have the details of its general averments made known to him.

I would reverse the decision of the board of review and authorize a rehearing.