UNITED STATES, Appellee

v

RICHARD MAYNAZARIAN, Storekeeper Second Class,
U. S. Navy, Appellant

12 USCMA 484, 31 CMR 70

No. 14,919

October 27, 1961

Lieutenant Colonel M. G. Truesdale, USMC, argued the cause for Appellant, Accused. With him on the brief were Samuel R. Schneider, Esquire, and Lieutenant Colonel E. W. Johnson, USMC.

Major Elvin R. Coon, Jr., USMC, argued the cause for Appellee, United States. With him on the brief was Commander Rice M. Youell, Jr., USNR,

FERGUSON, Judge:

Tried by general court-martial, the accused was convicted of two specifications of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and sentenced to bad-conduct discharge, reduction, confinement at hard labor for two years, and forfeiture of $55.00 per month for a like period. The convening authority approved only so much of the sentence as provided for bad-conduct discharge, reduction, confinement at hard labor for eighteen months, and forfeiture of $55.00 per month for a like period. The board of review further reduced the confinement and period of forfeitures to nine months but otherwise approved the sentence. We granted accused's *pro forma* petition for review on the basis of our inherent appellate authority to recognize plain error, specifying as the issue the question whether the charges were multiplicious. It is also apparent that the matter before us involves considerations beyond the usual application of principles governing multiplicious pleadings.

Specification 1 of the Charge alleges that the accused stole the sum of $2,698.37, property of the United States, "during the period of 26 December 1959 to 5 May 1960." Specification 2 of the Charge alleges that the accused stole the sum of $350.60, property of the United States, "on or about 20 April 1960," a date within the period covered by the blanket allegations of specification 1. The law officer considered the offenses to be separate for sentencing purposes, for he instructed the court members that the maximum imposable penalty extended to dishonorable discharge, reduction, forfeiture of all pay and allowances, and confinement at hard labor for ten years.

The record is devoid of any evidence demonstrating that the two offenses charged were separate. The Government, recognizing its burden of establishing that the specifications do not

twice charge the same crime, urges that accused's unsworn statement in mitigation and extenuation shows two distinctive offenses when he related that he had embezzled sums from the Navy Exchange in which he worked over a period of months, culminating in the final theft of the amount alleged to have been taken in specification 2. We at once point out that nothing in the statement tends in the slightest degree to establish that the sum involved in specification 1 did not include the money involved in specification 2. To the contrary, it would seem that the allegation in the first count of a period of time which encompasses the date alleged in the second count, implies that the latter separately alleged a larceny which was part and parcel of the former.

We need not review the tests which this Court has, from time to time, applied in determining whether specific charges were multiplicious. See, generally, Youngblood, *Multiplicious Pleadings,* Military Law Review, April 1960 (Department of the Army Pamphlet 27–100–8), page 73. The basis of the principle is found in the prohibition against twice punishing an accused for the same offense. United States v Modesett, 9 USCMA 152, 25 CMR 414. In the situation before us, we simply cannot disregard the fair probability that the second, specific larceny charged was embraced in the first general count.

Aside from the strict problem of multiplicity, however, we are confronted with another related consideration. Under the law of this Court, it is deemed proper to alleged the commission of a crime over a period of time or between specified dates. United States v Means, 12 USCMA 290, 30 CMR 290. As there specifically noted in the concurring opinion of Judge Latimer, at page 295, a necessary corollary to the use of such pleadings is the fact that an accused may plead former jeopardy to any specific act involved in the general count. The existence of that safeguard was also noted

by the Chief Judge in the principal opinion in the same case. He cited with approval Hanf v United States, 235 F2d 710 (CA 8th Cir) (1956), wherein the Circuit Court said of a similar general pleading, at page 715:

". . . Certainly, any similar prosecution by the government against this appellant for a violation committed at any time between the dates indicated in Count 1 of the indictment would be a prosecution for the same offense, and would be promptly dismissed."

The situation before us is not materially different from the possibility of which the Court spoke in United States v Means, supra. True it is that the Government here attempted to prosecute the accused for a series of acts between certain dates and, at the same time, for a specific act which occurred on a date within that period rather than later to try him in a separate proceeding for the single taking. The distinction is unimportant. In O'Neill v United States, 236 F2d 636 (CA 6th Cir) (1956), the defendant was arraigned upon an indictment setting forth six counts of embezzlement. The second count alleged a blanket charge of embezzlement from November 23, 1954, through December 1, 1954. The other five counts alleged specific embezzlements within the period covered by the general count, and there was no showing that the offenses thus averred were separate. In setting aside the sentences imposed on the five specific counts, the Court remarked, at page 637:

"If the 142 letters involved in counts 1, 3, 4, 5, and 6 were a part of and included among the 689 letters involved in the blanket charge in count 2, for which defendant was sentenced, it is clear that the imposition of sentences under counts 1, 3, 4, 5, and 6 are constituted multiple punishment for the single, continuing offense charged in count 2, in violation of the Fifth Amendment of the Constitution.

"Furthermore, since the government elected to charge in count 2 the single, continuing intent, purpose, and offense of embezzling letters addressed to the Trumbull County Association during the nine-day period, it could not split up that single offense by selecting and withholding certain letters addressed to the association and embezzled during this same period, and charge their embezzlement as separate and additional offenses in counts 1, 3, 4, 5, and 6." [Emphasis supplied.]

See also Smith v United States, 211 F2d 957 (CA 6th Cir) (1954).

Thus, quite apart from the purely multiplicious aspect of the specifications, we believe it was improper for the Government to seek, at one and the same time, to charge an accused with a general course of misconduct over a stated period and to select from that embezzlement a specific act to be alleged as a separate offense. O'Neill v United States, supra; Smith v United States, supra. The prejudicial effect of such pleading is apparent both from the law officer's erroneous instruction that accused could be sentenced separately on each specification and the fact that the two ostensibly separate instances of criminal misconduct were paraded before the court-martial as the predicate for their determination of an appropriate penalty. See United States v Middleton, 12 USCMA 54, 30 CMR 54. Reversal is, therefore, required.

The decision of the board of review is reversed. Specification 2 of the Charge is dismissed and the record of trial is returned to The Judge Advocate General of the Navy. Reassessment of the sentence by the board of review is directed.

Chief Judge QUINN and Judge KILDAY concur.