**UNITED STATES**

v.

**Airman First Class Douglas E. COTTLE, FR 301–54–9474 United States Air Force.**

**ACM 22748.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 Feb. 1980.

Decided 21 April 1981.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens, Major Wade B. Morrison and Captain Thomas S. Markiewicz, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before EARLY, KASTL and MILLER, Appellate Military Judges.

## DECISION

MILLER, Judge:

Tried by a military judge sitting alone as a general court-martial, the accused was convicted, contrary to his pleas, of two specifications each of possessing, using and selling cocaine, and one specification each of possessing heroin and amphetamines, in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 892. His sentence consists of a dishonorable discharge, confinement at hard labor for two years, forfeiture of $100.00 per month for 24 months, and reduction to airman basic.

Two issues are addressed here. The first, concerns the admissibility of evidence, introduced by the Government in sentencing, that reveals the accused's participation in a drug rehabilitation program. The second, involves the propriety of alleging an offense on a specific date which is indistinguishable from a continuing offense alleged to have occurred during a period of time inclusive of that date. Finding error with regard to both issues, we dismiss the offending specification and reassess the sentence.

Following findings, the Government offered into evidence a letter of reprimand from the accused's Unfavorable Information File (UIF)[1] for consideration in sentencing. Defense objected because it revealed the accused's participation in an Air Force drug rehabilitation program. The first paragraph of this document stated:

On 16 July 1979 you were entered into the drug rehabilitation program at Zweibrucken Air Base, Germany. A condition of the rehabilitation program is that you are required to submit two urinalysis samples monthly. The sample you sub-

1. This document's existence in the accused's unfavorable information file illustrates perfectly our holding in *United States v. Dodds,* 11 M.J. 520 (A.F.C.M.R.1981), that proper entry into an Unfavorable Information File, does not necessarily mean that the entry is also admissible in a court-martial for pre-sentencing consid- eration. While Air Force Regulation 30–2, Social Actions Program, paragraph 4–36, 8 November 1976, requires the entry of such information into the Unfavorable Information File, other regulations prohibit admission of this data in courts-martial.

mitted on 17 July 1979 was found to be positive for amphetamines and the sample you submitted on 31 July 1979 was found to be positive for phenobarbital. In neither case had these substances been medically prescribed.

We have previously held that neither confidential drug abuse records themselves, nor the testimony of persons concerning their contents are admissible for the purpose of rebutting testimony consisting of opinion evidence as to rehabilitation potential during the sentencing portion of court-martial proceedings, *United States v. Fenyo*, 6 M.J. 933 (A.F.C.M.R.1979), *pet. denied*, 7 M.J. 161 (C.M.R.1979). A year later, when confronted with the admissibility of such confidential records placed in a UIF, for the purpose of evidencing past conduct, we reiterated this position. *United States v. Cruzado-Rodriguez*, 9 M.J. 908 (A.F.C.M.R. 1980), *pet. granted on other grounds*, 10 M.J. 281 (C.M.A.1981).

Here we are asked to decide the admissibility, as evidence of past conduct, of documents created expressly for a UIF that allude to specific materials contained in confidential drug abuse records.

The regulatory provisions that support both this and our previous decisions are:

a. Public Health Service, Confidentiality of Alcohol and Drug Abuse Patient Records, 42 C.F.R. §§ 2.1–2.67–1 (1978);

b. Air Force Regulation 30–2, Social Actions Program, Figure 4–6 paragraph IIb, 8 November 1976;[2] and

c. Air Force Manual 111–1, Military Justice Guide, paragraph 5–14, 25 August 1975.[3]

Read conjunctively,[4] the general effect of these regulations is to prohibit anyone, other than the accused, from introducing, in criminal proceedings, any information about, or gained as a result of, his participation in an Air Force drug rehabilitation program. The result, then, is an extraordinarily broad evidentiary exclusionary privilege[5] that is automatically invoked on behalf of the accused, unless he specifically directs otherwise.

▪ Consequently, no information resulting from or concerning an individual's participation in an Air Force drug rehabilitation program is admissible at Air Force courts-martial unless a specific basis for its admission is first shown to be in compliance with the cited regulatory provisions.[6]

▪ The challenged letter of reprimand was concerned with information

2. AFR 30–2, paragraph 4–43, directs that drug abuse case files be managed in accordance with this attachment.

3. The cited regulations of the Special Action Office contained in the referenced paragraph of this manual, now fall under the purview of Public Health. They have been renumbered and now are contained in 42 C.F.R. §§ 2.1–2.-67–1 (1978). 21 C.F.R. § 1401.02(b) is now found at 42 C.F.R. § 2.12(b) (1978).

4. The only deviations from strict compliance with all aspects of 42 C.F.R. §§ 2.1–2.67–1 (1978), permitted by the language in AFR 30–2, Figure 4–6, paragraphs IIa and IIb appear to be the following: (1) the 42 C.F.R. § 2.12b (1978) exemption from the regulation's provisions for the Armed Forces no longer applies to the Air Force; (2) the precise persons, by position, who are authorized access to information on any particular rehabilitatee, are specifically enumerated, so there is no question as to what persons within the Air Force constitute program personnel who are both authorized access to, and prohibited from divulgence of, program information; and (3) military judges are forbid-

den from issuing court orders for divulgence of information under 42 C.F.R. §§ 2.61–2.67–1 (1978), the regulation's "savings clause."

5. There is a paucity of case law providing regulatory interpretation of this privilege, but see generally: *Bell v. State*, 385 So.2d 78 (Ala.Cr. App.1980); *United States v. Hopper*, 440 F.Supp. 1208 (N.D.Ill.1977); *United States v. Graham*, 548 F.2d 1302 (8th Cir. 1977); and *United States v. Banks*, 520 F.2d 627 (7th Cir. 1975).

6. For example the regulations do appear to contemplate exceptions which would allow divulgence of records or testimony at courts-martial under three circumstances: (1) where the information directly substantiates a crime or the threat thereof, against program personnel or on program premises, 42 C.F.R. § 2.13(d); (2) upon specific written request for same by the accused, 42 C.F.R. §§ 2.31–2.40–1 (1970); and (3) where a federal judge orders production of the records under circumstances specified in 42 C.F.R. §§ 2.61–2.67–1 (1978).

gleaned from the accused's participation in a drug rehabilitation program, and there is no specific regulatory exception permitting its admission. Hence, the letter was not admissible.[7] Accordingly, the sentence will be reassessed.[8]

We turn now to the second issue; to wit: the propriety of alleging a drug offense on a specific date which falls within the span of time and is indistinguishable from offenses alleged by a general drug specification included on the same charge sheet.

The specifications allege:

Specification 4: In that AIRMAN FIRST CLASS DOUGLAS E. COTTLE, United States Air Force, USAF Clinic Zweibrucken, did, at Zweibrucken Air Base, Germany, during the month of May 1979, wrongfully sell a habit forming narcotic drug, to wit: cocaine.

Specification 5: In that AIRMAN FIRST CLASS DOUGLAS E. COTTLE, United States Air Force, USAF Clinic Zweibrucken, did, at Zweibrucken Air Base, Germany, on or about 2 May 1979, wrongfully sell a habit forming narcotic drug, to wit: cocaine.

At trial, defense counsel moved to make Specification 4 more definite or certain. Upon the Government's failure to respond, the military judge, apparently presuming an inability of the Government to comply, denied the motion. Subsequently, evidence was introduced indicating two separate sale offenses had occurred. The first consisted of a sale of .01 grams of cocaine (one packet) for $20.00, made on 2 May 1979 at the accused's barracks room to A1C Jerry C. Hoes. The second, consisted of a sale of between .05 and .2 grams of cocaine (five packets) for $100.00, made on 11 May 1979 at the accused's duty section to Sergeant Gregory A. Copeland.

Read literally, Specification 4 states that the accused sold on an unspecified number of occasions, an unspecified amount of cocaine, at an unspecified time or times *during the month of May 1979*, to an unspecified individual or individuals, at an unspecified location or locations on Zweibrucken Air Base, Germany.[9] Most certainly, the language of Specification 4 encompasses the allegation of Specification 5, that the accused sold on an unspecified number of occasions, an unspecified amount or amounts of cocaine, at an unspecified time or times *on or about a specified date within the month of May 1979*, to an unspecified individual or individuals, at an unspecified location or locations on Zweibrucken Air Base, Germany.

■ In essence, of eight bases upon which these two specifications might have been distinguished, no information at all was provided in either as to four, (number of occasions, amount or amounts, to whom sold, and specific location on Zweibrucken Air Base); identical information was provided as to three, (description of drug, ac-

---

7. The urinalysis results were also inadmissible under AFR 30–2, paragraph 4–22.

8. This case was tried prior to implementation on 1 September 1980 of the new military rules of evidence contained in the 1980 Amendments to the Manual for Courts-Martial, Revised, 1969, Chapter XXVII.

We note that Rule 501(a) thereof, provides that:

(a) A person may not claim a privilege with respect to any matter except as required by or provided for in:

(1) The Constitution of the United States as applied to members of the armed forces;

(2) An Act of Congress applicable to trials by courts-martial;

(3) These rules of this Manual; or

(4) The principles of common law generally recognized in the trial of criminal cases in the United States district courts pursuant to rule 501 of the Federal Rules of Evidence insofar as the application of such principles in trials by courts-martial is practicable and not contrary to or inconsistent with the Uniform Code of Military Justice, these rules, or this Manual.

Based upon the analysis of this rule contained at 8 MJ CLVIII, it appears that since 1 September 1980, privileges created by Air Force Regulation *not stemming from sources* enumerated in the four subparagraphs of Rule 501(a) are contrary to the intent of Executive Order 12198 and the corresponding Rules of the Court of Military Appeals.

9. *See United States v. Means*, 12 U.S.C.M.A. 290, 31 C.M.R. 70 (1961).

tion of the accused, and general location of Zweibrucken Air Base); and, although a specific date was provided in Specification 5, it was encompassed within, and not excluded from, the month long period provided by Specification 4. Consequently, evidence sufficient for a finding of guilty as to Specification 5, by necessity would have simultaneously satisfied all elements of Specification 4.

Unquestionably, the Government could have modified the specifications at any time up until trial, and even at trial, by adding language to them, descriptive of any of the five factually distinguishing bases revealed by the evidence at trial. Had it done so, the evidence would have supported a finding of guilty as to each. Whether through negligence, or intent, it failed to conform the specifications to the proof, leaving the charges unnecessarily ambiguous.

The exigencies of proof may have made the ambiguous original drafting of the specifications desirable, and under such circumstances would have been proper. What was improper was permitting these specifications to go with the fact finder to deliberations, without requiring the Government to comply with the defense motion for specificity by amending the specifications so as to differentiate the specific crimes, as supported by the admitted evidence, to which each of the specifications referred.

Even in the unlikely event that trial counsel had insufficient knowledge of the forthcoming testimony of his witnesses at the time of the defense motion for specificity to comply with the defense motion at the time it was made, he clearly had sufficient knowledge following the testimony of his witnesses, and prior to the close of the open court proceedings for findings. Despite the fact that after viewing the evidence, the military judge must have concluded his earlier denial of the defense motion for specificity was erroneous, he did not require that the charges be amended in conformity with the earlier motion.

As a result, one of the offenses of which the accused stands convicted includes *both* illegal acts and the other includes one. Perforce, findings of guilty should not have been entered or approved as to both offenses; *United States v. Maynazarian*, 12 U.S.C.M.A. 484, 31 C.M.R. 70 (1961), *United States v. Lehman*, 5 M.J. 740 (A.F.C.M.R. 1978), *United States v. Pratt*, 34 C.M.R. 731 (C.G.B.R.1963).

The prejudicial effect of such pleading is apparent from the military judge's ruling that the accused could be sentenced separately on each specification. Accordingly, the finding of guilty as to Specification 5 of Charge II is set aside and dismissed.

All other errors alleged by trial and appellate defense counsel, not specifically addressed herein, are without merit.

Reassessing the sentence on the basis of the remaining findings of guilty, excluding the erroneously admitted letter of reprimand, we find appropriate only so much thereof as provides for a bad conduct discharge, confinement at hard labor for two years, forfeiture of $100.00 per month for 24 months, and reduction to airman basic.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

EARLY, C.J., and KASTL, J., concur.