## UNITED STATES, Appellee,

v.

Private E–2 Joseph EBERHARDT, Jr., SSN 226–04–8544, United States Army, Appellant.

SPCM 17027.

U. S. Army Court of Military Review.

29 April 1982.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Dennis E. Brower, JAGC, and Captain Vivian B. Wiesner, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for appellee.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

MITCHELL, Senior Judge:

During the sentencing phase of appellant's trial, the Government introduced Prosecution Exhibit 4, a record of nonjudicial punishment. The exhibit describes appellant's misconduct as follows:

 In that PV1 Joseph J. EBERHARDT 226–04–8544, did at Co B, 724th Maintnenace [sic] Battalion, on or about 1300 hours 31 April 1980, without authority, fail to go at the time prescribed to his

appointed place of duty, to wit: Dress Greens Inspection. This act is in violation of Article 86, paragraph 13 [sic] UCMJ.

█ In that PV1 Joseph J. Eberhardt did at Co B, 724th Maintenance Battalion, Ft Stewart, Georgia, on or about 1245 hours 1 May 1980 without authority, fail to go at the time prescribed to his appointed place of duty, to wit: 1245 Formation located at building # 1245 Ft Stewart, Georgia. This act is in violation of Article 86 paragraph 13 [sic] UCMJ.

█ In that PV1 Joseph J. Eberhardt did on or about 1345 hours 5 May 1980 go from his appointed place of duty to wit: Maintenance Shop of Company B, 724th Maintenance Battalion building number 1245. This act is in violation of Article 86, paragraph 13 [sic] UCMJ.

█ In that PV1 Joseph J. Eberhardt did on or about 1300 hours 15 May 1980 go from his appointed place of duty, to wit: Maintenance Shop of Company B, 724th Maintnenace [sic] Battalion building number 1245, Ft Stewart, Georgia 31314. This act is in violation of Article 86 paragraph 13 [sic].

Appellant asserts that the record of nonjudicial punishment was defective, in that it fails to state an offense. He concludes that Prosecution Exhibit 4 should not have been admitted into evidence. We disagree.

█ Examining the allegations we note that two of the specifications fail to allege that the accused's departure from his appointed place of duty was "without proper authority" (Specifications 3 and 4). This is an essential element and were these specifications alleged as offenses at a court-martial, the absence of this element would be fatal. *United States v. Fout*, 3 U.S.C.M.A. 565, 13 C.M.R. 121 (1953); *United States v. Torrence*, 42 C.M.R. 892 (A.C.M.R. 1970). However, we do not believe that the

misconduct stated in an Article 15, 10 U.S.C. § 815, proceeding need be stated with the same legal sufficiency as an offense at a court-martial.[1] See paragraph 133a, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev)). Rather, it is sufficient if the offense is described in such terms that the accused is apprised of the true nature of the alleged misconduct. *United States v. Nordstrom*, 5 M.J. 528 (N.C.M.R.1978). This rationale is consistent with the purpose of nonjudicial punishment, which is to provide military commanders with an informal and speedy means to punish disciplinary infractions. Legalistic bedizenment was never intended. *See generally* paragraph 129, MCM 1969 (Rev). Of course, the allegation should be sufficient to protect against double punishment for the same offense as well as apprise the accused of what he must defend against. Paragraph 128d, MCM 1969 (Rev). *Cf. United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953).

█ The allegation in the present case informed the appellant that he left his appointed place of duty at a certain place and time and that his conduct was in violation of Article 86, UCMJ, 10 U.S.C. § 886. We are satisfied that appellant was sufficiently apprised of the nature of the misconduct such that he could reasonably infer that his conduct must be "without authority" to constitute a violation of Article 86, UCMJ.[2] We are also satisfied that the allegation was sufficiently clear to protect the appellant against double punishment for the same offense.

█ We have also considered trial defense counsel's contention that the allegations fail to describe with sufficient particularity appellant's "appointed place of duty." We find to the contrary. In any event, mere indefiniteness in pleading the place of

---

1. As an example, the form specifications in Appendix 6, MCM 1969 (Rev) provide for pleading jurisdiction over the accused at court-martials by requiring that the accused's rank, unit, and armed force, be alleged. The absence of this averment could hardly be considered fatal in an Article 15 proceeding.

2. The appellant's knowledge of this element may also be inferred in that the two remaining specifications properly allege that his conduct was "without authority."

the commission of the offense is not fatal. *Cf. United States v. Means*, 12 U.S.C.M.A. 290, 30 C.M.R. 290 (1961); *United States v. Bird*, 40 C.M.R. 376 (A.B.R.1968).

The findings of guilty and the sentence are affirmed.

Judge MILLER and Judge LEWIS concur.