**UNITED STATES**

v.

**Sterling Eugene THAYER, 547 31 2875, Fire Control Technician Third Class (E-4), U.S. Navy.**

**NMCM 82 5139.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 15 June 1982.

Decided 26 July 1983.

MAJ Joseph M. Poirier, USMC, Appellate Defense Counsel.

LCDR D.L. Kelly, JAGC, USN, Appellate Government Counsel.

LT W. David Paxton, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, JJ.

GLADIS, Senior Judge:

The accused was convicted pursuant to his pleas at a general court-martial with officer members of the following violations of Articles 81, 92, and 134, Uniform Code of Military Justice (UCMJ); 10 U.S.C. sec. 881, 892, and 934: conspiracy (two specifications), wrongful sale of marijuana (sixteen specifications), wrongful transfer of marijuana (one specification), and knowing, intentional, and wrongful possession with intent to distribute marijuana in violation of 21 U.S.C. sec. 841(a)(1) (one specification). He was sentenced to a bad-conduct discharge, confinement at hard labor for 3 years, forfeitures of $275.00 per month for 36 months, and reduction to pay grade E–1. The convening authority approved the sentence but, in accordance with a pretrial agreement, suspended confinement in excess of 27 months.

In his initial assignment of error the accused argued that the sentence was inappropriately severe. We specified the following issues:

I. Whether appellant was properly charged with and convicted of specification 33 of Charge II alleging a general course of misconduct over a stated period and specifications 1 through 6 and 20 of Charge II alleging specific acts from that misconduct as separate offenses? *See United States v. Maynazarian,* 12 U.S.C.M.A. 484, 31 C.M.R. 70 (1961).

II. If appellant was not properly charged and convicted of the offenses listed in I above, what is the remedy?

■ Relying upon *Maynazarian, supra,* we find that it was improper to convict the accused of a general course of misconduct over a stated period and also to convict him of specific acts from that misconduct as separate offenses. Therefore we shall modify the findings and reassess the sentence.

Among other offenses, the accused was convicted of wrongful sale of five pounds of marijuana from about March 1981 to about

December 1981 (Charge II, specification 33), six wrongful sales of marijuana to a named individual within the same period of time or from March to August 1981 (Charge II, specifications 1 through 6), and a wrongful sale of marijuana to another named individual between March 1981 and August 1981 (Charge II, specification 20). The sales to the individuals named in specifications 1 through 6 and 20 of Charge II involved portions of the five pounds of marijuana specified in the accused's pleas to specification 33 of Charge II. (R. 40, 45). The military judge properly instructed the members that specification 33 was multiplicious.

In *United States v. Maynazarian, supra,* the Court of Military Appeals held that it is improper for the Government, at one and the same time, to charge an accused with a general course of misconduct over a stated period and to select from that misconduct a specific act to be alleged as a separate offense. The Court found prejudice in that case because the law officer instructed the members that the accused could be sentenced separately on each offense, and the specifications were paraded before the members as separate instances of criminal misconduct. Here the accused was not separately punished for the general course of misconduct. Thus he did not suffer multiple punishment for a single continuing offense, the evil condemned in *Maynazarian.*

The rule in *Maynazarian* may be satisfied in this case by modification of the finding of guilty of the general course of misconduct to exclude the specific acts separately alleged. The Government was not required to include the specific sales to individuals in a single specification alleging a general course of misconduct. *Cf. United States v. Means,* 12 U.S.C.M.A. 290, 30 C.M.R. 290 (1961). The accused could properly have been charged with, and convicted of, the specific sales to individuals and a general course of conduct which did not include those sales. *Cf. Maynazarian, supra.* Therefore, dismissal of the specific sales specifications is not required. Each of the specific sales involved one quarter ounce of marijuana or less. (R. 30, 34). Thus the total marijuana involved in the seven spe-

cific sales was less than two ounces. The accused is entitled to no relief beyond modification of the finding of guilty of the general course of misconduct specification to reduce the amount of marijuana sold from five pounds to a lesser amount in order to exclude the two ounces sold in the seven specific sales specifications.

 We reject the accused's contention that the approved sentence is inappropriately severe. The excellent mitigation is outweighed by the magnitude of his crime.

Accordingly, the findings of guilty are affirmed, except only so much of the finding of guilty of specification 33 of Charge II with respect to amount as finds 4.5 pounds, more or less, of marijuana is affirmed. Upon reassessment, the sentence as approved on review below is affirmed.

Judge BYRNE and Judge GARVIN concur.