UNITED STATES

v.

Second Lieutenant Tammy S. STE-
PHENSON, 446–64–1350 FV,
United States Air Force.

ACM 26251.

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 June 1987.

Decided 15 Jan. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Lieutenant Colonel Morris A. Tanner, Jr. and Lieutenant Colonel Donald A. Nolte.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

### DECISION

MURDOCK, Judge:

The appellant was found guilty, by a military judge sitting alone, of several drug offenses. She was originally arraigned on two charges. All specifications of Charge I (now the Charge) alleged possession of the same drug, and that the possession occurred in the same vicinity. Five of the specifications alleged specific dates for the possessions, and one specification alleged a five month period which encompassed the times alleged in all of the five other specifications. Charge II alleged forgery of the prescriptions required to obtain the controlled substance. The military judge found the forgery offenses, which

were alleged as violations of Article 133, U.C.M.J., 10 U.S.C. § 833, multiplicious with the drug possession offenses and dismissed them. The appellant was sentenced to dismissal, confinement for 13 months, and forfeiture of all pay and allowances. Appellant now asserts, as she did at trial, that the drug possession specifications are multiplicious for findings. We agree.

The government is free to charge events such as those in this case as a series of separate specifications, or they can charge them as a single specification. What is improper is to go to findings on both the specific-series specifications and the related "umbrella" specification. *United States v. Maynazarian*, 12 U.S.C.M.A. 484, 31 C.M.R. 70 (1961); *United States v. Cottle*, 11 M.J. 572 (A.F.C.M.R.1981), *aff'd on unrelated grounds*, 14 M.J. 260 (C.M.A.1982). We will correct this error by setting aside and dismissing Specifications 1 through 5 of the Charge.

The military judge announced that he considered the specifications which we have dismissed to be multiplicious for sentencing with the specification we have affirmed. Nonetheless, to eliminate any prejudice appellant may have suffered in the initial review process, we will approve only so much of the sentence as includes a dismissal, six months confinement, and forfeiture of all pay and allowances.

The findings and the sentence, both as modified, are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.