# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class CHRISTIAN DORFLINGER
### United States Air Force

## ACM 38572

## 11 August 2015

Sentence adjudged 18 December 2013 by GCM convened at Joint Base McGuire-Dix-Lakehurst, New Jersey. Military Judge: Ira Perkins (sitting alone).

Approved Sentence: Bad-conduct discharge and reduction to E-1.

Appellate Counsel for the Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Major Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

TELLER, Judge:

The appellant was convicted, contrary to his pleas, by a panel of officer members of wrongful use of heroin and morphine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The court sentenced him to a bad-conduct discharge, 2 months restriction to base, and reduction to E-1. The convening authority approved the sentence as adjudged except for the restriction.

The appellant argues: (1) the military judge abused his discretion in denying the defense motion to dismiss all charges based on the appellant's self-identification of drug use, (2) the military judge erred by not dismissing for multiplicity one of two specifications alleging morphine use, and (3) the post-trial recommendation of the staff judge advocate (SJA) erroneously omitted reference to the 156 days the appellant was restricted to base.[1] Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

*Background*

Air Force officials first learned of the appellant's drug use through an unlikely confluence of events. The appellant, by his own admission, had been using heroin off-duty for some time prior to May 2013. On 6 May 2013, the appellant was notified he had been selected for random urinalysis testing and subsequently provided a sample. Approximately two weeks later, while the results of that urinalysis were pending, a civilian police officer investigating an unrelated offense persuaded the appellant to contact his first sergeant to seek help for his drug problem.

The civilian police officer convinced the appellant to seek help after interviewing him about an acquaintance's suspected drug offenses. The officer first contacted the appellant on 18 May 2013 while the appellant was on leave. During the interview, the officer began to suspect that the appellant had a drug problem of his own. The officer was sympathetic to the appellant because of the officer's prior military background and the appellant's cooperation with the investigation. According to the officer, after he finished his questioning relative to the investigation, he initiated a conversation as a "community caretaker" which was outside his law enforcement role, and asked whether the appellant wanted to "get clean" or continue using drugs. The officer did not recall the appellant's exact response, but he understood by the context of the conversation that the appellant admitted using heroin and said he wanted the officer's help. The officer facilitated a phone call to the appellant's first sergeant, during which the appellant admitted to heroin use and expressed interest in entering inpatient drug treatment. The appellant entered an inpatient treatment program on 21 June 2013 and stayed for approximately a month.

The random urinalysis inspection continued independent of the appellant's admission to his first sergeant. On 23 May 2013, test results revealed the presence of morphine in the appellant's urine, indicating heroin use. In response, the appellant's squadron commander preferred a charge and specification alleging divers wrongful uses of heroin between on or about 19 May 2012 and on or about 19 May 2013.

A valid continuing inspection policy enacted by his commander subjected the appellant to further testing. He provided a sample on 20 June 2013 that again came back

---

[1] This third issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

positive for morphine.  Based on that result, the appellant's squadron commander preferred an additional charge, alleging wrongful use of morphine between on or about 15 June 2013 and on or about 20 June 2013.[2]

On 15 July 2013, after release from inpatient treatment, the appellant provided another sample under the continuing inspection policy.  That sample came back positive for morphine and hydromorphone.[3]  The appellant's squadron commander then preferred a second additional charge, alleging wrongful use of morphine between on or about 15 June 2013 and on or about 16 July 2013.

### Self-Identification

The appellant first argues the military judge abused his discretion in denying the trial defense motion to dismiss all charges based on the appellant's self-identification of drug use.  We review a military judge's evidentiary rulings for an abuse of discretion. *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995).  "A military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.*

The military judge adopted, for the purposes of his ruling, the facts set out in the government response to the appellant's motion to dismiss.  Those findings state the appellant had been subject to a random inspection urinalysis and the results of that urinalysis were still pending at the time he made incriminating statements about his prior drug use.  Those findings were supported by the record and not clearly erroneous.

The military judge then applied the provisions of Air Force Instruction (AFI) 44-121, *Alcohol and Drug Abuse Prevention and Treatment (ADAPT) Program*, (11 April 2011).  Specifically, the military judge noted the limited protection from criminal proceedings for disclosures made in the course of self-identification for the purpose of seeking treatment apply only if those statements are voluntary, as that term is defined in the instruction.  The instruction provides that "[d]isclosure is not voluntary if the [Air Force] member has previously been . . . [o]rdered to give a urine sample as part of the drug-testing program in which the results are still pending or have been returned as positive."  AFI 44-121, ¶ 3.7.1.2.4.  We find no abuse of discretion in the military judge's straightforward application of the plain language of the instruction to the facts of this case.

### Multiplicity

Next, the appellant asserts for the first time on appeal that the military judge erred by not dismissing for multiplicity the Additional Charge when both the Additional

---

[2] When originally preferred, this charge alleged wrongful use of heroin.  That was amended prior to trial to alleged wrongful use of morphine.

[3] At trial, a forensic toxicology expert testified the human body can metabolize morphine into hydromorphone.

Charge and the Second Additional Charge allege the use of morphine and the time frame alleged in the Additional Charge was completely encompassed by the time period alleged in the Second Additional Charge.

A claim of multiplicity not raised at trial is forfeited in the absence of plain error. *United States v. Lloyd*, 46 M.J. 19, 21 (C.A.A.F. 1997). Under plain error review, the appellant has the burden of showing "(1) there was error; [that] (2) the error was plain or obvious; and (3) [that] the error materially prejudiced a substantial right of the [appellant]." *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011). Plain error exists if the specifications are "'facially duplicative,' that is, factually the same." *Lloyd*, 46 M.J. at 23. "Whether two specifications are facially duplicative is a question of law that we review de novo." *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004). "Rather than constituting 'a literal application of the elements test,' determining whether two specifications are facially duplicative involves a realistic comparison of the two offenses to determine whether one is rationally derivative of the other." *Id.* (quoting *United States v. Hudson*, 59 M.J. 357, 359 (C.A.A.F. 2004)). In conducting our review, we consider the language of the specification as well as "facts apparent on the face of the record." *Lloyd*, 46 M.J. at 24.

The record shows two distinct uses of morphine, one within each charged time frame. The first use is based on the appellant's positive urinalysis from a sample provided on 20 June 2013 before he entered inpatient treatment. This use falls within the time frame for the Additional Charge (15 June to 20 June 2013). The appellant also told his first sergeant that he relapsed after entering inpatient treatment. Since the appellant entered treatment on 21 June 2013, the relapse must have occurred after 20 June 2013, the end of the time period alleged in the Additional Charge. That relapse was confirmed by the presence of morphine and hydromorphone in his sample provided on 15 July 2013, which is within the time frame of the Second Additional Charge (15 June to 16 July 2013). Accordingly, we find that the specifications, when considered in light of the facts apparent on the face of the record, were not factually the same.[4]

*Staff Judge Advocate's Recommendation*

Finally, the appellant argues, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that the SJA's recommendation under Rule for Courts-Martial (R.C.M.) 1106 erroneously omits reference to 156 days the appellant was restricted to base.

Proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)

---

[4] Since both specifications alleged a single use, this case does not present the former jeopardy problem that arises when a specification alleging misconduct on divers occasions over a period of time overlaps with another specification alleging the same offense during the period of time covered by the divers occasions specification. *See United States v. Maynazarian*, 31 C.M.R. 70, 71-72 (C.M.A. 1961).

(citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000)). Failure to timely comment on matters in the staff judge advocate's recommendation, or matters attached to the recommendation, forfeits any later claim of error in the absence of plain error. R.C.M. 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65).

The appellant has not met his burden to establish error. The appellant concedes that R.C.M. 1106 does not require information about his restriction. Despite the lack of any such requirement, the SJA nonetheless included it in the attached summary of personnel data concerning the appellant. This assignment of error is without merit.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

5                                                                                          ACM 38572