STATE OF NORTH CAROLINA v. HAROLD O'NEAL HAIRSTON

No. 7721SC919

(Filed 6 June 1978)

1. **Criminal Law § 89.9— witness's prior silence—indirect inconsistency—cross-examination for impeachment proper**

    In a prosecution for possession of a firearm by a convicted felon where a defense witness claimed that the gun in question belonged to her rather than to defendant, the trial court properly allowed the State to cross-examine her for impeachment purposes concerning her silence as to ownership of the gun at the time of defendant's arrest, since prior silence can be used to impeach the in-court testimony of a witness as an indirect inconsistency if it would have been natural to mention the substance of the testimony at the previous time.

2. **Criminal Law § 92.3— multiple charges against one defendant—consolidation proper**

    Defendant was not prejudiced by consolidation of a charge of possession of heroin with a charge of possession of a firearm by a convicted felon since defendant waived his right to severance by failing to make a motion therefor prior to trial and since the trial court removed from the jury's consideration the charge of possession of heroin.

APPEAL by defendant from *Albright, Judge.* Judgment entered 29 June 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals 6 March 1978.

Defendant was charged in proper bills of indictment with possession of a controlled substance, to wit: heroin; and possession of a firearm by a convicted felon. Upon his pleas of not guilty, the State offered evidence tending to show the following:

On 2 January 1977 at approximately 10:00 p.m., several police officers entered a house in Winston-Salem, North Carolina, pursuant to a search warrant. As one of the officers entered a back room, he observed the defendant, who was sitting at a bar with a female companion, turn, remove a gun from his belt and drop it to the floor. The occupants of the house, including the defendant, were detained while the police conducted a search of the premises. The search revealed five tinfoil packets, each containing a powdery substance later determined to be heroin. One year prior to his arrest on the present charges, the defendant was convicted of conspiracy to commit felonious assault.

At the close of the State's evidence, the trial court granted the defendant's motion to dismiss the charge of possession of heroin. The defendant then offered evidence tending to show that the gun found in the house was owned and possessed by another occupant of the house, Joyce Orr.

The jury found the defendant guilty of possession of a firearm by a convicted felon, and judgment was entered imposing a prison sentence of 18-60 months. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Larry F. Habegger for the defendant appellant.*

HEDRICK, Judge.

[1]   By his third assignment of error the defendant contends that the trial court erred to his prejudice in allowing the State to cross-examine the defense witness, Joyce Orr, as to her prior silence with respect to the substance of a portion of her testimony at trial. In an effort to impeach her testimony that she had possessed the gun found on the premises and that she had dropped it to the floor when the police officers entered the house, the District Attorney asked her why she had failed to disclose this information when she talked to a police officer on the day of the arrest. Over the objection of the defendant the witness replied, "I don't know. I just didn't tell him about it."

Citing *State v. Mack*, 282 N.C. 334, 193 S.E. 2d 71 (1972), the defendant argues that the witness' prior failure to exculpate the defendant by claiming the gun at the time of arrest could not be used to impeach her testimony at trial. We do not agree. It is established that prior silence can be used to impeach the in-court testimony of a witness as an indirect inconsistency if " 'it would have been natural to mention' " the substance of the testimony at the previous time. 282 N.C. at 340, 193 S.E. 2d at 75. We are of the opinion that if the gun had belonged to the witness and she had dropped it upon the floor as she claimed at trial it would have been reasonable and natural for her to have mentioned this in her prior conversation with the police officer. Her failure to do so was the proper subject of impeachment by the State. Thus, we think the question excepted to was proper for impeachment purposes.

[2]   The defendant also contends that "[t]he consolidation of a charge of possession of heroin with a charge of an unrelated felony stigmatizes the defendant and prevents the jury from fairly considering the charge of the other felony." According to G.S. 15A-926, "[t]wo or more offenses may be joined . . . for trial when the offenses, . . . are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." The determination of whether to consolidate charges against a defendant in a single trial is addressed to the sound discretion of the trial judge. *State v. White*, 256 N.C. 244, 123 S.E. 2d 483 (1962). However, with several exceptions not pertinent to this case, "[a]ny right to severance is waived" if the defendant fails to make a motion therefor prior to trial. G.S. 15A-927(a)(1). The defendant in the present case failed to make a motion for severance at any time before or during trial. Furthermore, the trial judge instructed the jury that "the Court has withdrawn from your consideration [the charge of possession of heroin] and you will not consider that particular charge further." Accordingly, this assignment of error is overruled.

No error.

Chief Judge BROCK and Judge MITCHELL concur.