UNITED STATES, Appellee,

v.

Staff Sergeant James M. LANGFORD, SSN 562–80–7489, United States Army, Appellant.

CM 441427.

U.S. Army Court of Military Review.

20 May 1983.

Captain Michael T. Kelly, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Colonel William G. Eckhardt, JAGC, Major Raymond C. Ruppert, JAGC, Major Robert C. Rhodes, JAGC, and Captain Frank J. DiGiammarino, JAGC.

Captain Daniel N. Velling, JAGC, argued the cause for the appellee. With him on the brief were Colonel R.R. Boller, JAGC, Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Joseph A. Rehyansky, JAGC.

Before MILLER, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Appellant was tried by a general court-martial comprised of officer members at

Fort Riley, Kansas. He was arraigned on charges alleging rape (three specifications), forcible sodomy (four specifications), the taking of indecent liberties, the commission of lewd and lascivious acts, and assault with intent to commit sodomy, violations of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934 (1976), respectively. All of the above offenses were alleged to have been perpetrated by appellant against his two stepdaughters, Cynthia and Barbara B., both of whom were under the age of sixteen. Contrary to his pleas, appellant was convicted of all of the above offenses except two of the rape specifications and the assault with intent to commit sodomy. The convening authority approved the adjudged sentence to a dishonorable discharge, confinement at hard labor for thirty years, forfeiture of all pay and allowances, and reduction to the grade of E–1.

Four issues raised by the appellant require discussion: (1) that the trial counsel's reference to a dependency hearing involving the two victims, in conjunction with the failure of the military judge *sua sponte* to give a limiting instruction, constituted plain error; (2) that prejudicial error occurred when the trial counsel elicited testimony from the appellant that he opted to terminate questioning by a criminal investigator once he was asked to reduce a prior oral statement to writing or swear to that statement; (3) that certain specifications which were considered separate for findings and sentencing purposes are in fact multiplicious; and (4) that the Government unreasonably multiplied the charges against him so as to preclude a fair trial.

All of the offenses were alleged to have occurred in Karlsruhe, Federal Republic of Germany, from 1978 to 1980. These allegations came to light after appellant's family had returned to the United States and one of his stepdaughters, Cynthia, revealed them at a meeting concerning rape and sexual molestation of young teenaged girls that she was attending with a friend in Port Angeles, Washington. Cynthia stated that her stepfather sexually molested her and raped her sister, Barbara. Thereafter,

Barbara confirmed the allegations when she was interviewed at school by a social worker. Cynthia and Barbara were the principal witnesses for the Government.

Other facts will appear as they are necessary to the assignments of error under discussion.

## I

During cross-examination of Mrs. Langford, appellant's wife and mother of the victims, the trial counsel questioned Mrs. Langford about a dependency fact-finding hearing at which custody of the victims was transferred to their natural father. Apparently, trial counsel intended to impeach Mrs. Langford's professed disbelief of her daughters' complaints against appellant by asking her why she did not object to the conclusion reflected in the proposed court order that the girls were sexually abused. Mrs. Langford admitted that if the order had contained anything with which she "violently disagreed," she would have objected at the hearing.

Defense counsel objected to the relevance of questioning regarding the proposed order. The military judge allowed cross-examination to continue for a time under the mistaken impression that trial counsel was prepared to impeach Mrs. Langford with prior testimony. When it became apparent to the military judge that no prior testimony was involved and after repeated objections from defense counsel, the military judge foreclosed further inquiry along this line.

■ Appellant contends that trial counsel's elicitation of the fact that custody of the victims had been taken from him and Mrs. Langford in civilian proceedings was highly prejudicial and the military judge's failure sua sponte to give limiting instructions to the members was "plain error." Mil.R.Evid. 402, 403, and 103(d).

We find that trial counsel's cross-examination of Mrs. Langford was proper. Her pretrial silence at the dependency fact-finding hearing when a response was in order

was a proper matter of cross-examination. Mil.R.Evid. 613; *United States v. Carr,* 584 F.2d 612 (2d Cir.1978), *cert. denied,* 440 U.S. 935, 99 S.Ct. 1280, 59 L.Ed.2d 494 (1979); 3A Wigmore, *Evidence* § 1042 (Chadbourn rev. 1970); *see State v. Hairston,* 36 N.C. App. 641, 643, 244 S.E.2d 448, 450, *cert. denied,* 295 N.C. 469, 246 S.E.2d 217 (1978) (prior silence of a witness may be used to impeach his or her in-court testimony as an inconsistency if it would have been natural to speak at the previous time). We note that neither the civilian court's determination that the children had been sexually abused nor Mrs. Langford's consent to that determination was brought before the court members. Assuming arguendo that error occurred, any prejudice was mitigated by the victims' earlier testimony that they lived with their natural father who had assumed their custody in November 1980. Likewise, defense counsel's failure to request limiting instructions is an indication both that they did not believe this disclosure significantly harmed the appellant and that they decided limiting instructions would only cause the court members to attach greater significance to it. *See United States v. St. John,* 23 U.S.C.M.A. 20, 22, 48 C.M.R. 312, 314 (1974). The disclosure of this evidence without a limiting instruction was not plain error.

## II

▮ Appellant contends that trial counsel's cross-examination concerning his refusal to reduce his pretrial statement to writing and swear to it amounted to a violation of Military Rule of Evidence 301(f)(3),* and that the curative instruction given by the military judge was insufficient to rectify this error.

Trial counsel did not ask appellant directly whether he had previously asserted his rights under the Fifth Amendment or Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831 (1976). However, asking appellant whether he refused to reduce his oral statement to writing and to swear to it is like asking him whether, after making a statement to one government agent, he refused to make it again to a second agent. Because the Fifth Amendment permits a suspect to adopt silence at anytime and request counsel, even after making incriminating statements, *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), his refusal to republish a statement to the police until he has spoken to a lawyer is protected. Trial counsel's cross-examination was improper. *United States v. Fitzpatrick,* 14 M.J. 394 (C.M.A.1983).

This error does not require reversal if it was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The test is whether the error contributed to appellant's conviction. *United States v. Alba,* 15 M.J. 573 (A.C.M.R.1983). In light of the obliqueness of the reference to appellant's invocation of his rights and the curative instructions given by the military judge, we find this cross-examination did not contribute to the verdict.

## III

Appellant asserts that certain specifications which were considered separate for findings and sentencing purposes at his trial are in fact multiplicious. He attacks, first, the division of the sodomies perpetrated on both the victims into fellatio and cunnilingus and, second, the separate charging of the sodomies perpetrated on Cynthia B. and what he asserts are incidental lewd and lascivious acts.

▮ We find that the sodomy offenses were separate for findings purposes, but conclude, under the circumstances of this case, that the offenses are multiplicious for sentencing purposes. The sodomy specifications each allege the commission of the

* Military Rule of Evidence 301(f)(3) provides: The fact that the accused during official questioning and in exercise of rights under the Fifth Amendment to the Constitution of the United States or Article 31, remained silent, refused to answer a certain question, requested counsel, or requested that the questioning be terminated is inadmissible against the accused.

particular form of sodomy at "divers times between March 1978 and April 1980." If the evidence at trial had demonstrated that fellatio was committed on some occasions and cunnilingus on others—that there were instances when both were not perpetrated as part of one continuous sodomitic assault—the findings of guilty could be affirmed and the offenses separately punished. *United States v. Massey,* 34 C.M.R. 930 (A.F.B.R.1964). However, the testimony of the two victims does not establish the distinct perpetration of either variation of the offense. Cynthia B. testified that during her residence in Germany, her father committed vaginal and oral sodomy on many occasions. Her sister, Barbara, also testified that numerous instances of fellatio and cunnilingus occurred. Nowhere, however, does the Government establish that the offenses were distinctly committed. The offenses are, thus, multiplicious. *See United States v. Maynazarian,* 12 U.S.C. M.A. 484, 31 C.M.R. 70 (1961); *United States v. Haas,* 22 C.M.R. 868 (A.F.B.R. 1956).

■ However, it is arguable that sodomy and lewd and lascivious acts perpetrated in the same transaction are not multiplicious for sentencing purposes if the lewd and lascivious acts were not merely "a prelude to the sodomy." *United States v. Carlton,* 40 C.M.R. 412 (A.B.R.1968); *United States v. Burns,* 25 C.M.R. 791 (A.F.B.R.1957); *see also United States v. Ruggiero,* 1 M.J. 1089 (N.C.M.R.1977); *United States v. Archuleta,* 17 C.M.R. 772, 785–86 (A.F.B.R.1954). *Cf. United States v. Dearman,* 7 M.J. 713 (A.C.M.R.), *pet. denied,* 7 M.J. 376 (C.M.A. 1979), and *United States v. Rose,* 6 M.J. 754 (N.C.M.R.1978), *pet. denied,* 7 M.J. 56 (C.M. A.1979) (rape and sodomy in same transaction separately punishable because they violate different societal norms). As with the allegations of fellatio and cunnilingus, the evidence does not indicate that any instances of lewd and lascivious acts occurred in separate transactions from instances of sodomy. Although the sodomies are alleged to have occurred over a longer period than the lewd and lascivious acts, Cynthia B. testified nonspecifically that while she was in

Germany (the period of the alleged sodomies) appellant would commit sodomy and fondle her. As the evidence stands, we must assume the two offenses were committed in each instance as part of a single transaction. Because the offenses stand in the relationship of a greater and lesser included offense, we must dismiss the lesser offense. *See United States v. Baker,* 14 M.J. 361 (C.M.A.1983). The military judge also erroneously held the offenses separate for punishment purposes. Reassessment of the sentence is required.

IV

In a supplemental assignment of error the appellant contends the unreasonable multiplication of charges against him deprived him of a fair opportunity to defend himself. *See United States v. Sturdivant,* 13 M.J. 323 (C.M.A.1982). He points to the following pleading as unjustifiably multiplicious: (1) the charging of multiple rapes committed over a period of time (Charge I, Specification 3) with the charging of single rapes committed within the same period (Charge I, Specifications 1 and 2); (2) the division of multiple sodomies committed over a period of time into separate allegations of fellatio and cunnilingus (Charge II, Specifications 1–4); (3) the charging of lewd and lascivious acts (Charge III, Specification 2) with factually related sodomies (Charge II, Specifications 3 and 4); and (4) the charging of an assault with intent to commit sodomy (Additional Charge and its specification) separately from a specification alleging multiple sodomies over a period including the date of the alleged assault (Charge II, Specification 3).

■ The multiplication of charges against appellant was not unreasonable. While several specifications arose out of single transactions, with the exception of the offenses of lewd and lascivious acts and assault with intent to commit sodomy being lesser included offenses of the sodomy offenses, in no instance did the remaining separate specifications allege offenses which were necessarily included within an-

other specification, components of an indivisible crime, or different aspects of a continuous course of conduct proscribed by one statutory provision. *United States v. Baker,* 14 M.J. at 366. Indeed, had not numerous distinct instances of rape, sodomy and indecent acts been gathered in single specifications, appellant would have confronted a greater, but nevertheless reasonable, multiplication of specifications. The mere fact that a specification alleges a single offense during the same period in which another specification alleges multiple instances of that offense does not render its separate charging unreasonable if the Government believes it can prove the commission of the other instances of the offense. *See United States v. Maynazarian, supra; United States v. Cottle,* 11 M.J. 572 (A.F.C.M.R. 1981), *aff'd,* 14 M.J. 260 (C.M.A.1982).

■ The military judge did err, in this case, by permitting the specifications alleging single instances of rape and assault with intent to commit sodomy to go to the members after the Government's proof failed to distinguish them from the specifications alleging multiple rapes and sodomies over a period encompassing the dates of the single offenses. *United States v. Cottle,* 11 M.J. at 575–76. The military judge also erred in permitting the specification alleging the commission of lewd and lascivious acts to go to the members as it was necessarily included with sodomy offenses. We cannot conclude, however, that the extra specifications influenced the findings by unfairly portraying appellant as a "bad character," *see United States v. Sturdivant, supra; United States v. Middleton,* 12 U.S.C.M.A. 54, 58–59, 30 C.M.R. 54, 58–59 (1960), where the members acquitted appellant of the three most serious specifications which were improperly before them. The multiplication of charges in this case did not deny appellant due process of law.

We have also carefully considered appellant's contention that the evidence is insufficient to prove beyond a reasonable doubt any of the charges of which he was convicted. We find ample evidence to establish appellant's guilt beyond a reasonable doubt.

The appellant also attacks in a supplemental assignment of error the adequacy of his legal representation at his court-martial by contending that his counsel allowed extensive uncharged misconduct (allegations against appellant of sexually abusing his stepdaughters at Fort Riley, Kansas, from 1975 to 1978) to go before the court members without objection. We find this assignment of error to be factually and legally without merit.

We have considered the appellant's other assignments of error and find them to be without merit.

The finding of guilty of Specification 2 of Charge III is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the Court affirms only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for twenty years, forfeiture of all pay and allowances, and reduction to the grade of E–1.

Senior Judge MILLER * and Judge COHEN concur.