**UNITED STATES**

v.

**Senior Airman Michael R. FENYO, FR 102–48–2011 United States Air Force.**

**ACM S24657.**

U. S. Air Force Court of Military Review.

14 Feb. 1979.

---

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Robert T. Mounts.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

During the sentencing portion of the trial, accused testified that he would like the opportunity to be rehabilitated. His supervisors were called as witnesses. One testified that he believed the accused could be rehabilitated; the other stated that with proper guidance and training the accused would make a very good fireman and military man. To rebut this evidence, the government, over defense objection, was permitted to call a witness who stated that the accused had not been regularly ad-vanced in the drug rehabilitation program. Although no specific reason was given for *accused's* failure to advance, the most common reasons for non-advancement were stated to be limited participation, positive urine test and a bad attitude.

■ Section 408 of the Drug-Abuse Office and Treatment Act of 1972 (21 U.S.C. § 1175) as implemented by Air Force Manual 111–1, Military Justice Guide, paragraph 5–14, 25 August 1975, permits the disclosure of confidential drug abuse records, with the written consent of the patient, "to government personnel for the purpose of obtaining benefits to which the patient is entitled." 21 U.S.C. § 1175(b)(1)(B). This includes the "benefit" of use both at trial by court-martial and during the post-trial clemency evaluation. The limitations on disclosure of records apply equally to non-documentary evidence such as the testimony of witnesses. AFM 111–1, paragraph 5–14c(6), supra.

■ Information that is not relative to the purpose of disclosure is not to be introduced at trial. However, the accused cannot selectively authorize disclosure of the records so as to mislead the court. If this is attempted, an *in camera* inspection of the record by the military judge may be necessary to resolve the issue. AFM 111–1, paragraph 5–14b, supra.

■ In the case at hand, the accused did not consent to the release of the confidential drug records for his "benefit;" nor do we interpret the accused's request for rehabilitation as a result of this conviction for larceny and possession of stolen property as opening the door to his confidential drug records. Therefore, it was error to permit the witness to testify as to the accused's confidential drug rehabilitation record.

The remaining errors assigned by appellate defense counsel are without merit.

There remains the matter of reassessing the sentence as a result of this error. The court adjudged the maximum sentence per-

mitted by a special court-martial: a bad conduct discharge, confinement at hard labor for six months, forfeiture of $265.00 per month for six months and reduction to airman basic. Having reassessed the sentence on the basis of the court's improper consideration of the accused's drug rehabilitation record, we find appropriate only so much thereof as provides for a bad conduct discharge, confinement at hard labor for four months, forfeiture of $265.00 per month for four months and reduction to airman basic.*

The findings of guilty and the sentence, as modified, are

AFFIRMED.

EARLY, Chief Judge, and HERMAN and ORSER, Judges, concur.

---

* The convening authority ordered the confinement to be served at the Air Force rehabilitation center.