**UNITED STATES**

v.

**Airman First Class William CRUZADO-RODRIGUEZ, FR 121–38–0465 United States Air Force.**

**ACM 22630.**

U. S. Air Force Court of Military Review.

27 Aug. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter.

Before EARLY, ARROWOOD and KASTL, Appellate Military Judges.

## DECISION

ARROWOOD, Senior Judge:

An AF Form 1612, Notification of Drug-Abuse Information, which was placed in the accused's unfavorable information file (UIF) showing he was entered into the drug–abuse prevention program is confidential information and is inadmissible in a court–martial as evidence reflecting his past conduct.

Section 408 of the Drug–Abuse Office and Treatment Act of 1972, (21 U.S.C. § 1175), establishes special rules which limit the use of records of "the identity, diagnosis, prognosis, or treatment" of drug abusers under federal drug–abuse prevention programs. Under the rules these records are considered to be confidential, and, without the consent of the patient, disclosure is limited to medical personnel for emergency treatment and qualified personnel for research or audits. Release may also be authorized by a court of competent jurisdiction where good cause is shown which outweighs the public interest sought to be advanced by the program. However, AFR 30–2, Social Actions Program, Figure 4–6, paragraph IIb, 8 November 1976, recognizes that "[w]hile a military judge may, under 21 U.S.C. 1175(b)(2)(C), order the production of drug and alcohol rehabilitation records, this will not be done, as a matter of Air Force policy."

In the case at hand, the military judge was aware of the statute and the regulation, but determined that the AF Form 1612 was not the type of record covered thereunder. He based his ruling on AFR 111–1, Military Justice Guide, paragraph 5–14, (C–1), 25 August 1975, which in addressing the admissibility of drug–abuse records states: "The rules apply to hospital records and similar drug abuse control records, not to drug related information in the UIF. . . ."

The sentence quoted was intended to insure that the UIF itself will not be considered a drug–abuse prevention record and, hence, be treated as confidential. It does not, however, permit information relating to the drug–abuse program, such as the AF Form 1612, to be placed in the UIF and thereby lose the confidentiality accorded it by the statute. See *United States v. Fenyo*, 6 M.J. 933 (A.F.C.M.R.1979). The information on the AF Form 1612 is specifically the type of information intended by the statute to be confidential.

Here, the form identifies the accused both as a drug user and a participant in the drug rehabilitation program as of a certain date. It also reflects the type of drugs used by the accused, the level of abuse and the means by which he was identified. This information relates directly to the drug–abuse prevention program and is to be distinguished from other "drug related information" in the accused's UIF such as reprimands and records of nonjudicial punishment which are normally admissible to show past conduct. The military judge's interpretation of AFR 111–1, *supra*, paragraph 5–14, was incorrect. His admission of the AF Form 1612 violated both the intent of 21 U.S.C. 1175, and Air Force policy, and was error.

The prejudice to the accused was further magnified by trial counsel's argument that the accused had been unsuccessful in the drug rehabilitation program as evidenced by his subsequent involvement with drugs and, therefore, was not a suitable candidate

for any rehabilitation. The prejudice flowing from these errors requires reassessment of the sentence.

The remaining assignments of error are without merit.

Reassessing the sentence, we reduce the confinement at hard labor by one year and find appropriate only so much thereof as provides for a dishonorable discharge, confinement at hard labor for three years, forfeiture of all pay and allowances and reduc-tion to airman basic. The findings of guilty and the sentence, as modified, are

AFFIRMED.

EARLY, Chief Judge, and KASTL, Judge, concur.