**UNITED STATES**

v.

**Airman First Class Patrick J.
FREEMAN, FR 140–50–5275
United States Air Force.**

**ACM S25064.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 Aug. 1980.

Decided 27 Feb. 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain G. Michael Lennon.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before EARLY, KASTL and MILLER, Appellate Military Judges.

**DECISION**

**PER CURIAM:**

Upon his pleas of guilty to larceny under Article 121, 10 U.S.C.A. § 921, Uniform Code of Military Justice, the accused was found guilty. A special court-martial consisting of members then sentenced him to a bad conduct discharge and reduction to airman basic.

On appeal, the accused cites no specific assignment of error but invites our attention to the appropriateness of the sentence.

We have examined the record of trial and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudiced the substantial rights of the accused. The findings of guilty and sentence are

AFFIRMED.

KASTL, Judge, concurring:

While agreeing with the disposition of the case made by my brothers, I reason that this case presents a serious question concerning essential fairness and prosecution rebuttal evidence.

In the presentencing portion of the trial, the accused offered performance evaluations, the commander's comments contained in the letter (Air Force Form 65) transmitting charge sheets, and testimony of two military witnesses—all laudatory of the accused. In addition, the accused presented an unsworn statement in his own behalf.

The prosecution then presented rebuttal consisting of three witnesses. First, the squadron commander, a second lieutenant, testified that: (a) she herself did not compose the laudatory comments appearing on AF Form 65; and (b) despite the fact that the details appeared on the face of the transmittal letter, she was not fully aware that the accused had received non-judicial punishment for wrongful possession of marijuana. However, she testified during cross-examination that she stood by her earlier positive opinion of the accused, set forth in the AF Form 65. Second, the Deputy Accounting and Finance Officer testified that accused's conduct in the Finance Office did not warrant the highest block performance rating which his direct superiors had rendered. Finally, the first sergeant noted that accused's room sometimes was not up to standards and the accused's character was "not one that's very good."

**520**

Earlier, during the defense's mitigation case, trial counsel had ascertained on cross-examination of a character witness that she was both the accused's supervisor and his landlady. Counsel then inquired whether she had ever spent the night unchaperoned at the accused's apartment; she denied any romantic attachment but explained she had spent one night there after having an argument with her spouse. A third party was present. Later, counsel stated that he "did not mean to imply that [she] had a romantic relationship with the accused in this case."

The Manual for Courts-Martial, 1969 (Rev.) provides at paragraph 75e that the prosecution has the right to offer evidence in rebuttal to matters the accused has presented in extenuation and mitigation. Speaking to this matter, AFM 111–1, Military Justice Guide, (Change 1, 25 August 1975) provides at paragraph 5–13c for admission of various matters during presentencing proceedings, *provided the evidence tendered is otherwise admissible.* (emphasis added).

Guided by this standard, I am troubled by some of the evidence introduced in the instant case. I cannot ascertain what the testimony of the second lieutenant squadron commander added—except to suggest she failed to pay sufficient attention to the details of her position. In a closely allied area, the unsuccessful innuendo on cross-examination that the supervisor/landlady had a liaison with the accused appears totally irrelevant to me, particularly when the prosecution later denied any attempt to impeach her credibility by linking her romantically with the accused.

Nothing in the presentencing procedure derogates from the fact that evidence admitted in court must be relevant. See *United States v. Montgomery*, 20 U.S.C. M.A. 35, 42 C.M.R. 227, 230 (1970). See also *United States v. Roberts*, 18 U.S.C.M.A. 42, 39 C.M.R. 42, 45 (1968) and *United States v. Peace*, 49 C.M.R. 172 (ACMR 1974). In my view, military judges must be alert to the potential for abuse in this area and act swiftly to exclude matters which—even if technically admissible—are remote in probative value.

It is our statutory duty to approve only so much of a sentence which we find, upon the entire record, fair and just. Consider, in this vain, our recent decision in *United States v. Cruzado-Rodriguez*, 9 M.J. 908 (A.F.C.M.R.1980). Should cases arise where matters of questionable admissibility have been presented and the resulting sentence does not square with fair play and equity, I would not hesitate to reassess or remand for rehearing on sentence. This case, with its "everything but the kitchen sink" approach to presentencing evidence, comes perilously close to that threshold.