**504**

UNITED STATES

v.

**Sergeant Jeffry G. EVANS, FR 527–53–3690, United States Air Force.**

ACM S26592.

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 Sept. 1984.

Decided 20 March 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Lieutenant Colonel Michael D. Wims.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Donald C. Plude.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

DECISION

MURDOCK, Judge:

The appellant was convicted, pursuant to his pleas, of conspiring to distribute marijuana, making a false official statement to the Security Police, and possessing, distributing, and using marijuana. The appellant asserts two errors.[1] We do not find merit in either one.

I

First, the appellant notes there is no addendum to the Staff Judge Advocate's recommendation, even though the defense counsel submitted a *Goode*[2] response. An addendum is not required unless legal errors have been raised in the *Goode* response. R.C.M. 1106f(7), Air Force Regulation 111–1, Military Justice Guide, 1 August 1984, 7–4(c).

II

Appellant's next assertion of error concerns admitting certain drug abuse information in rebuttal during sentencing. During the initial Article 39(a), UCMJ, session, the trial counsel stated that he intended to call a social actions counsellor to testify about the appellant's level of drug use. After defense objection, the military judge refused to allow the prosecution to call the counsellor, but did indicate his testimony might be admissible in rebuttal.

During the sentencing portion of the trial, the defense called a work acquaintance of the appellant and the appellant's officer in charge. Both testified that the appellant

---

1. Appellant's Motion to File Supplemental Citation of Authority is GRANTED.

2. *United States v. Goode,* 1 M.J. 3 (C.M.A.1975).

could be rehabilitated. The appellant then said, in an unsworn statement, that he wanted to stay in the Air Force and would never use drugs again.

In rebuttal, the trial counsel called the appellant's first level supervisor and Technical Sergeant Harrison, the counsellor from Social Actions he had been forbidden to call earlier in the trial. Prior to allowing Sergeant Harrison to testify, the judge conducted an extensive Article 39(a), UCMJ, session to determine the expected nature of Sergeant Harrison's testimony. Appellate defense counsel now assert that the military judge erred by admitting Sergeant Harrison's testimony.[3] We disagree.

The Air Force has implemented the federal restrictions[4] on release of drug or alcohol abuse records in Air Force Regulation 111-1, Military Justice Guide, 1 August 1984. That regulation allows disclosure of such records in courts-martial under certain conditions. Most important to our decision in this case is paragraph 5–5(d) which states:

> Drug and alcohol records may be disclosed at trial without the patient's consent to rebut or impeach evidence presented by an accused. (But see *United States v. Fenyo*, 6 M.J. 933 (A.F.C.M. R.1979), *pet. denied*, 7 M.J. 161 (C.M.A. 1979).)

In *Fenyo* the accused, who apparently was enrolled in drug rehabilitation for reasons unrelated to his trial, was convicted of larceny and possession of stolen property.

During sentencing he called two of his supervisors. One stated the accused could be rehabilitated and the other stated that with "proper guidance and training the accused would make a very good fireman and military man." In rebuttal, the government called a witness who testified that the accused had not progressed regularly through drug rehabilitation. This Court stated that, "in the case at hand", information about drug rehabilitation was not admissible in rebuttal because the accused's request for rehabilitation related to his conviction of larceny and possession of stolen property and not to any drug involvement.[5]

By contrast, the present case involves only drug charges. The testimony of appellant's witnesses that he was a good candidate for rehabilitation and the appellant's unsworn statement that he would never use drugs again opened the door for this drug related rebuttal.

### III

The findings of guilty and the sentence are

AFFIRMED.

HODGSON, Chief Judge, and FORAY, Senior Judge, concur.

---

3. Sergeant Harrison testified that his opinions of the appellant were based entirely on his observations of him during drug rehabilitation sessions. In Harrison's opinion, the appellant's attitude toward rehabilitation had been "pretty poor." He felt the appellant did not believe he had a problem nor that he needed a rehabilitation program. Sergeant Harrison stated that, in his opinion, the appellant's rehabilitation potential was "poor."

4. The federal restrictions are found in the Drug Abuse Office and Treatment Act of 1972 (the Act), 42 U.S.C. § 290ee-3 (formerly found in Section 408 of the Act, 21 U.S.C. § 1175).

5. This Court also held drug rehabilitation information inadmissible under the Act in *United States v. Cruzado-Rodriguez*, 9 M.J. 908 (A.F.C.

M.R.1980). In that case, the judge admitted the Air Force Form 1612, Notification of Drug-Abuse Information and held that it was not the type of record covered by the Act. We held it was error to admit the form, stating that the form contained "specifically the type of information intended by the statute to be confidential." Our holding in the present case is not in conflict with *Cruzado-Rodriguez* because Sergeant Harrison's testimony was offered in rebuttal after the appellant raised the subject of rehabilitation. This is not the same as initially attempting to introduce a document which contains drug and personal identification information specifically protected by the Act.