**140**

UNITED STATES, Appellee,

v.

**Dennis E. GUNTER, Staff Sergeant,
U.S. Air Force, Appellant.**

No. 61,552.
ACM S27923.

U.S. Court of Military Appeals.

Sept. 25, 1989.

For appellant: *Colonel Richard F. O'Hair* and *Major Lynne H. Wetzell.*

For appellee: None.

*Opinion of the Court*

COX, Judge:

Appellant was tried by special court-martial with officer members. Pursuant to his pleas, he was found guilty of one specification each of unauthorized absence (2 days) and wrongful use of cocaine, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 USC §§ 886 and 912a, respectively. He was sentenced to a bad-conduct discharge, confinement for 6 months, and reduction to the lowest enlisted pay grade. The convening authority approved the sentence, and the Court of Military Review affirmed in an unpublished opinion. We granted review of the following specified issue:

> WHETHER THE MILITARY JUDGE ERRED BY ADMITTING TESTIMONY THAT APPELLANT'S POTENTIAL FOR REHABILITATION AND REFRAINING FROM DRUG USE WAS POOR.

Appellant absented himself on June 15, 1988; he wrongfully used cocaine on June 16; and he surrendered to military authorities on June 17. He subsequently entered the drug and alcohol abuse control program at Moody Air Force Base, in which he participated until trial began.

At an Article 39(a), UCMJ, 10 USC § 839(a), session, trial counsel expressed his intention to call Lieutenant Peterson, head of the base drug and alcohol abuse control program, as an expert witness regarding appellant's rehabilitative potential. Defense counsel objected on the ground that the proposed witness did not possess the requisite "educational training ... or personal experience to express an expert opinion on that issue." Without deciding whether he might properly be classified as an expert, the military judge ruled Lieutenant Peterson's testimony was inadmissible as part of the Government's case-in-chief because it might "quickly run afoul of the confidentiality protections afforded by law and regulation to those mandatorily entered into drug and alcohol rehabilitation programs." However, the judge did not rule out the possibility that such testimony might become appropriate rebuttal.

During the presentencing portion of the trial, appellant offered evidence in the form of affidavits, statements from character witnesses, and his own unsworn statement that he was a likely candidate for rehabilitation and retention in the Air Force. At this point, trial counsel asked to call Lieutenant Peterson as a rebuttal witness, and the military judge allowed it.[1] At the same time, the judge "recognize[d]" Lieutenant Peterson "as an expert" witness.[2] After extensive qualification of Lieutenant Peterson, which demonstrated his substantial training and experience regarding drug abuse and counseling, Lieutenant Peterson was asked the following questions:

Q: Based on your knowledge of this individual, have you formulated an opinion as to Sergeant Gunter's po-

tential to stay off of cocaine and his ability to rehabilitate himself?

A: Yes.

Q: And what is your opinion?

A: Poor.

■ Before this Court, the defense claims that admitting Lieutenant Peterson's testimony was error. We disagree. In *United States v. Ohrt*, 28 MJ 301 (CMA 1989), we attempted to clarify the state of the law surrounding opinion testimony offered under RCM 1001(b)(5).[3] We said that an "opinion ... can only be expressed by a witness who has a rational basis for his conclusions." Further, we said that "a rational basis" is established where it can be shown that the witness has "sufficient information and knowledge about the" accused's "character, his performance of duty as a servicemember, his moral fiber, and his determination to be rehabilitated." 28 MJ at 304.

As stated above, Lieutenant Peterson opined that appellant's chances for successful rehabilitation were "poor." The record is clear that he had access to sufficient information to form "a rational basis for" his opinion. This basis included information he received from appellant's drug rehabilitation file. *See* Mil.R.Evid. 703.[4] *See also United States v. Ohrt, supra* at 307 (Sullivan, J., dissenting, based upon squadron commander's review of Ohrt's personnel file). The file in this case represented the available information regarding appellant's progress in the rehabilitation program, including notes about his character, his efforts at rehabilitation, his determination to be rehabilitated, and other information relevant to his becoming drug-free.

1. RCM 1001(d), Manual for Courts–Martial, United States, 1984, provides: "The prosecution may rebut matters presented by the defense."

2. This ruling is not in issue before this Court, but the record is clear in any event that Lieutenant Peterson was eminently qualified as an expert concerning drug abuse and counseling.

3. RCM 1001(b)(5) provides:
The trial counsel may present, by testimony ..., evidence, in the form of opinions concerning

the accused's previous performance as a servicemember and potential for rehabilitation.

4. Mil.R.Evid. 703, Manual, *supra*, provides:
The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert, at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

There is no doubt then that this witness had "a rational basis" upon which to form his opinion. Mil.R.Evid. 703. Expert testimony about appellant's chances of successfully overcoming his drug addiction, in light of his case history, is exactly the sort of statement envisioned in *Ohrt* and RCM 1001(b)(5).

■ Appellant's contention that the contents of this file are protected is without merit. His sentencing thesis contended that he was a salvageable airman notwithstanding his prior use of drugs. Paragraph 4–2b(3)(a) of Air Force Regulation 30–2, Social Actions Program (1986),

> allows the Government to disclose the contents of rehabilitation files for impeachment or rebuttal purposes in any proceeding in which the evidence of drug abuse (or lack thereof) has been first introduced by the member.

The same language is contained in paragraph 5–5d of Air Force Regulation 111–1, Military Justice Guide (1984). The Air Force Court of Military Review, construing this regulation, has held that records of treatment for substance abuse may be released to courts-martial under circumstances similar to this case. *United States v. Evans*, 20 MJ 504 (1985), *aff'd*, 22 MJ 192 (CMA 1986). Ordinarily, we give considerable weight to a Court of Military Review's construction of its own service's regulations, and we do so here. Thus, Lieutenant Peterson could properly refer to the contents of the drug rehabilitation file when stating the basis of his belief that appellant would not abstain from drugs in the future.

■ Finally, the military judge excluded Lieutenant Peterson's testimony as part of the Government's case, thus minimizing the danger of unfairly characterizing the scope of appellant's drug problem. It then became appellant's choice as to whether to make an issue of his capacity to be rehabilitated and remain in the Air Force. He elected to do so and presented evidence which opened the door for proper rebuttal. As such, the judge was correct in allowing Lieutenant Peterson's testimony to be admitted.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in the result):

I would affirm on the basis of harmless error. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). I cannot join the majority because, in my view, Lieutenant Peterson was not properly qualified as an expert in predicting future drug use by the accused. *See United States v. Farrar*, 28 MJ 387 (CMA 1989).