**UNITED STATES, Appellee,**

v.

**Staff Sergeant Frederic L. MAHANEY, 540–74–5709, United States Army, Appellant.**

**ACMR 9002393.**

U.S. Army Court of Military Review.

29 Oct. 1991.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Tamela J. Armbruster, JAGC, Captain Robin N. Swope, JAGC, Captain Michael W. Meier, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before FOREMAN, HAESSIG, and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of four specifications of assault and battery and three specifications of willful disobedience of a superior commissioned officer's orders restricting him from contact with the victim of the assaults, in violation of Articles 128 and 90, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 890 (1982). The approved sentence provides for a bad-conduct discharge, confinement for 27 months, forfeiture of $600.00 pay per month for 27 months, and reduction to Private E1.

The first three assaults consisted of the appellant slamming his wife against a wall and hitting her in the eye with his fist in May 1989, holding a pistol to her head, choking her and butting her face with his forehead in May 1989, and striking her in the face with the head of their 11–month-old son on 5 September 1989. The victim and the appellant were divorced on 13 September 1989. On 11 April 1990, the fourth assault occurred when the appellant used a stun gun to inflict numerous cuts, bruises and burns on his ex-wife.

During the sentencing hearing, Major Stephen J. Brannen, a social worker, testified as an expert witness for the prosecution. Major Brannen testified that he first met the appellant in September 1989, when the appellant was enrolled in a spouse abuse treatment program. Major Brannen had professional contact with the appellant for ten weeks, ending in December 1989. Prior to testifying Major Brannen was made aware of the 11 April 1990 assault. Major Brannen was asked his opinion about the appellant's potential for rehabilitation and responded, over defense objection, that "the prognosis for further treatment is poor." The appellant's civilian defense counsel did not cross-examine Major Brannen about his opinion. The appellant now contends that the military judge erred by permitting Major Brannen's testimony, citing *United States v. Ohrt*, 28 M.J. 301 (C.M.A.1989) and *United States v. Horner*, 22 M.J. 294 (C.M.A.1986).

We hold that the military judge did not err by permitting Major Brannen to offer his expert opinion. Unlike *Ohrt* and *Horner*, this case does not involve lay members of the chain of command testifying about "lack of rehabilitative potential" as a euphemism for a punitive discharge. Major Brannen was an expert witness. He had extensive professional training and experience in social work and psychology, and additional experience and training in family violence. His opinion was based on his knowledge of the appellant's history of violent conduct and his observation of the appellant's motivation and attitude in a group therapy setting over a ten-week period. *See* Military Rule of Evidence 703 (basis for expert opinion) [hereinafter Mil. R.Evid.]. We hold that Major Brannen's testimony "is exactly the sort of statement envisioned in *Ohrt* and RCM 1001(b)(5)." [1] *United States v. Gunter*, 29 M.J. 140, 142 (C.M.A.1989).

■ Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the appellant claims that the military judge erred by admitting Prosecution Exhibit 36 (a City of Lansing Municipal Court docket), as evidence of a prior conviction on sentencing, because the document was not certified and was a poor reproduction. The document does not contain a seal. On the face of the document is a statement by the "custodian of the court records" certifying that the exhibit "is a true and correct abstract of the court record in this case." Because the document is not under seal, the custodian's statement, standing alone, is insufficient to certify the document. Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 902(2). The defense objection to Prosecution Exhibit 36, although timely, was inartful, rambling and unfocused. Nevertheless, it was sufficient to alert the military judge and the prosecution that the defense was questioning the authenticity of the document. We hold that the military judge erred by admitting the document over defense objection. We will reassess the sentence to cure the effect of the error.

We have considered the remaining *Grostefon* issues raised personally by the appellant, and have determined them all to lack merit. Nevertheless, a few brief comments are warranted.

■ First, the appellant claims that during his trial he was under heavy narcotic sedation due to severe migraine headaches, and that because of the sedation his thought process was impaired during examination by the military judge and the trial counsel, which may have decreased his credibility with the panel members. The appellant's testimony, including cross-examination and questions from the military judge and the members, continued for more than 100 pages in the record of trial. At no time did the appellant indicate before or during his testimony that he was not feeling well or that he was in pain. To the contrary, the appellant's testimony was detailed and indicated his ability to recall the events in question clearly. We find that the appellant's contention is without merit.

■ Second, the appellant claims that his brigade commander exercised unlawful command influence by interfering with the subordinate commanders' discretion to forward or dispose of the offenses against the appellant. At the outset, we note that the appellant's brigade commander was not the convening authority for his case, but rather a subordinate commander forwarding charges with a recommendation for disposition. Consequently, we are not concerned with a possible disqualification of the convening authority, but rather with a question whether the appellant was deprived of the independent recommendations of his company and battalion commanders. Having considered the extensive affidavits submitted by the appellant and the commanders concerned, we find that the appellant's assertion of unlawful command influence is without factual basis.

Finally, we have considered the appellant's claim of ineffective assistance of counsel, and we hold that it is without merit. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

---

1. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial, 1001(b)(5).

(1984); *United States v. Scott,* 24 M.J. 186 (C.M.A.1987).

The findings of guilty are affirmed. On the basis of the entire record and the error noted, only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for 24 months, forfeiture of $600.00 pay per month for 24 months, and reduction to Private E1.

Judge HAESSIG and Judge HAGAN concur.