IN THE CASE OF

UNITED STATES, Appellee

v.

Bruce W. YARBROUGH, Jr., Airman First Class
U.S. Air Force, Appellant

No. 00-0671

Crim. App. No. 32964

United States Court of Appeals for the Armed Forces

Argued March 29, 2001

Decided August 31, 2001

SULLIVAN, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and GIERKE, EFFRON, and BAKER, JJ., joined.

<u>Counsel</u>

For Appellant:   Major Thomas L. Farmer (argued); <u>Colonel James R. Wise,
Lieutenant Colonel Timothy W. Murphy</u>, and <u>Major Stephen P. Kelly</u> (on
brief).


For Appellee:  <u>Captain Suzanne Sumner</u> (argued); <u>Colonel Anthony P. Dattilo,
Major Lance B. Sigmon</u>, and <u>Captain Christa S. Cothrel</u> (on brief).



Military Judge:  Mary M. Boone


<u>THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION</u>.

Judge SULLIVAN delivered the opinion of the Court.

During August of 1997, appellant was tried by a general court-martial composed of officer members at Peterson Air Force Base, Colorado. Pursuant to his pleas, he was found guilty of four specifications of wrongful use of controlled substances (marijuana, lysergic acid diethylamide, methamphetamine, and psilocybin), in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a.  On August 19, 1997, he was sentenced to a bad-conduct discharge, confinement for 9 months, and reduction to the lowest enlisted grade.  The convening authority approved the sentence on October 14, 1997.  The Air Force Court of Criminal Appeals affirmed the findings and the sentence in an unpublished opinion.  See United States v. Yarbrough, No. 32964 (A.F.Ct.Crim.App. June 21, 2000).

On November 28, 2000, this Court granted review of the following issue assigned by appellant:

> WHETHER THE MILITARY JUDGE ERRED IN
> ADMITTING APPELLANT'S SUBSTANCE ABUSE
> RECORDS.

We hold that the military judge did not err under Air Force regulations when she admitted appellant's substance abuse records as government evidence during the sentencing phase of his court-martial.  See United States v. Avery, 40 MJ 325 (CMA 1994).

The record before us shows that in early 1997, special agents from the Air Force Office of Special Investigations (AFOSI) identified appellant as being involved with a group of airmen who used illegal drugs.  He was called in for an interview with AFOSI on March 4, 1997, where he admitted extensive drug use and signed a written confession detailing it.  Appellant's commander preferred charges against him on June 25, 1997, and on August 12, 1997, appellant referred himself to an Air Force mental health clinic for a substance abuse evaluation.  At appellant's court-martial, trial counsel offered appellant's written confession and his medical records with respect to his substance abuse evaluation as part of the Government's sentencing case-in-chief, and the military judge received them without objection from the defense.  Appellant's medical records made reference to pre-service marijuana use, service-related drug use, underage drinking, and various other instances of uncharged misconduct. Prosecution Exhibit 5.

___ ___ ___

As a general introductory matter, we note that 42 USC § 290dd-2(a) (1992) provides that "[r]ecords of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse . . . treatment . . . shall . . . be confidential."  Subsection (c), entitled "Use of records in criminal proceedings," further states that "[e]xcept as

authorized by a court order granted under subsection (b)(2)(C) of this section, no record referred to in subsection (a) of this section may be used to initiate or substantiate any criminal charges against a patient or to conduct any investigation of a patient." Nevertheless, subsection (e) expressly limits this blanket of confidentiality. It states: "The prohibitions of this section do not apply to any interchange of records—(1) within the Uniformed Services or within those components of the Department of Veterans Affairs furnishing health care to veterans; or (2) between such components and the Uniformed Services."

Air Force Instruction (AFI) 51-201, Administration of Military Justice (25 April 1997), however, states:

> 8.3. **Use of Confidential Drug or Alcohol Abuse Records**. Federal statutes and regulations restrict the disclosure of records as to the identity, diagnosis, prognosis, or treatment of drug and alcohol abusers under the Federal drug and alcohol abuse prevention programs. Refer to 42 USC § 290dd-3.
>
> > 8.3.1. Although these statutes and the federal regulations exempt from their prohibitions the interchange of records entirely within the Armed Forces (42 CFR § 2.12 (1982)), the Air Force adopted the standards as a matter of policy, with the limited exceptions in AFI 36-2702 [sic], Social Actions Education [sic] Program.
>
> > > 8.3.2 Disclosure of these records is permitted at the request of, and with written consent of, the accused-patient:

4

8.3.2.1. As evidence for the defense before findings.

8.3.2.2. As evidence in mitigation or extenuation in presentencing proceedings.

8.3.2.3. After trial in support of clemency or clemency petitions to TJAG or SAF.

8.3.3 Follow the procedure outlined in 42 CFR § 2.31 in authorizing release of the records by the accused-patient. Avoid discussion of the records in open court to the extent feasible.

8.3.4. Only release necessary and relevant portions of the records for purposes of . . . 8.3.2. An accused cannot selectively authorize disclosure of the records to mislead the court or other parties to the trial (e.g., disclosing favorable early records, but not later ones indicating regression). If there is reason to believe an accused is selectively authorizing disclosure, either resolve the matter among counsel, or by an in camera review of the records by the military judge.

8.3.5 Drug and alcohol abuse records may be disclosed at trial without the consent of the accused to rebut or impeach evidence presented by the accused. See U.S. v. Evans, 20 MJ 504 (AFCMR 1985). U.S. v. Fenyo, 6 MJ 933 (AFCMR 1979), pet. denied, 7 MJ 161 (CMA 1979).

(Emphasis added.)

Appellant contends that admission of a two-page excerpt from his substance abuse records as part of the Government's case-in-chief on sentencing violated the above Instruction and AFI 36-

2701, Social Actions Program (15 August 1994). In this regard,

he particularly notes paragraph 4.14 of this Air Force

Instruction, entitled "Maintaining Confidentiality of SA

[Substance Abuse] Records and Information," which states the

following:

> 4.14.1.1. Only disclose the identity,
> diagnosis, prognosis, or treatment of
> clients for purposes authorized by law.
> Do not introduce records against the
> member in a court-martial. Carefully
> review all SA records, including case
> files, before their release to ensure that
> the release doesn't violate these
> statutes.

(Emphasis added.) On these regulatory grounds, appellant claims

that the military judge committed plain error by admitting, as

part of the prosecution's sentencing case-in-chief, portions of

his substance abuse evaluation containing admissions to various

acts of uncharged misconduct.

The Government counters, however, that these are not the only

regulatory provisions bearing on the use of substance abuse

records in courts-martial. It cites paragraph 5.12 of the above-

noted Air Force Instruction, entitled "Using Evaluation Results,"

which provides:

> 5.12.1. Except in cases of self-
> identification, information concerning
> personal SA that the client provides in
> response to evaluation questions may be
> used against the client in a court-martial
> or on the issue of characterization in an
> administrative separation proceeding. You
> may introduce such evidence for other

> administrative purposes or for impeachment or rebuttal purposes in any proceeding in which the client introduced evidence of SA (or lack thereof). You may also base disciplinary or other action on independently derived evidence of SA.

(Emphasis added.) Nevertheless, pointing to the second sentence of this regulation, appellant argues that even in cases of non-self-identification, this substance abuse information cannot be used in the Government's case-in-chief, as done in his case.

We initially note that the record in this case makes clear that appellant did not refer himself for substance abuse evaluation until after charges had been preferred by his commander. (Charge Sheet and P.E. 5). He was not self-identified as defined in paragraph 5.5 of AFI 36-2701, supra. The Court of Criminal Appeals considered this fact crucial in applying the above regulatory provisions. It said:

> We interpret [¶ 5.12.1] as allowing the use of substance abuse information for impeachment or rebuttal purposes in cases of self-identification. In all other cases, use of an individual's substance abuse information in a court-martial is not restricted by AFI 36-2701, if otherwise admissible under the rules of evidence.
>
> The appellant's case is not one of self-identification. He sought substance abuse counseling after he had been apprehended for his drug involvement, after his confession to the AFOSI, and after his commander preferred court-martial charges against him. Under these circumstances, information concerning his personal substance abuse could be used against him in a court-martial. AFI 36-

> 2701, ¶ 5.5.1.2. Furthermore, when the
> appellant failed to object to the
> introduction of his records at trial, he
> effectively consented to their release.

Unpub. op. at 3 (first emphasis added).


The challenges raised by appellant call for a legal construction of the above Instructions. We believe the Court of Criminal Appeals' construction of these Instructions was reasonable, and we adopt it. See United States v. Shavrnoch, 49 MJ 334, 338 n.2 (1998); see also United States v. Roach, 29 MJ 33, 36 (CMA 1989)("We defer to this service court's [Coast Guard Court of Military Review] construction of its own regulations. . . .").


In support of the lower court's regulatory view, we note that AFI 51-201 makes clear that, although the Air Force has generally adopted civilian standards for confidentiality of statements of substance abuse patients, there are exceptions to this rule which are delineated in AFI 36-2701, supra. Moreover, although some tension might be perceived as existing between the broad, non-use language of paragraph 4.14.1.1., and the specific-use language of paragraph 5.12.1 of AFI 36-2701, it is generally understood that the more specific provisions prevail over the more general. See 2A Sutherland Statutory Construction § 46:05 at 177-78 (6th ed. 2000). Finally, although the defense reading of paragraph 5-12.1 of AFI 36-2701 is technically plausible, it is inconsistent with a similar confidentiality scheme for voluntary disclosures to command authority provided in paragraphs 5.5.1.1.2 - 5.5.1.3 of

this same Instruction and the Air Force's general regulatory approach to these matters.  See United States v. Avery, 40 MJ at 327-28 (noting the importance of self-identification as a triggering factor in Air Force drug-patient confidentiality program); see generally Sutherland, supra at 154 ("whole statute interpretation").

In view of the above, we conclude that appellant has not established that the military judge's ruling violated service Instructions.  It was his burden to show, inter alia, that error occurred in his case, and he has failed to meet this burden.  See United States v. Tanksley, 54 MJ 169, 173 (2000) (burden on accused to show plain error occurred at his court-martial).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.